CHUNN *v.* LONDON & LANCASHIRE FIRE INSURANCE COMPANY.

Opinion delivered May 29, 1916.

1. EVIDENCE—OPINION OF WITNESS—CAUSE OF FIRE.—In an action to recover on a policy of fire insurance, it is not error to exclude a question addressed to a witness as to fire caused from defective electric wiring, where the witness had stated that he had no knowledge of the condition of the wiring in the particular house.

2. EVIDENCE—FIRE LOSS—VALUE OF ARTICLE BURNED—PROOF.—It is not error to permit a non-expert witness to testify in an action to recover on a policy of fire insurance, as to the value of certain articles of household furniture, which were destroyed.

3. EVIDENCE — REBUTTAL TESTIMONY — DISCRETION OF TRIAL JUDGE.—A large discretion abides with the trial judge in permitting the introduction of rebuttal testimony.

4. FIRE INSURANCE—REMOVAL OF PROPERTY.—Where, shortly before a fire, plaintiff, the owner, removed certain property from the building, it is improper to tell the jury that plaintiff had the right to remove the property from the house, if the hazard was not thereby increased, the defense having been interposed that the fire was of incendiary origin.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*R. S. Coffman, Rachels & Yarnell* and *John E. Miller,* for appellant.

1. The court erred in its rulings as to the admission of testimony. 1 Wharton on Ev., § 20; 42 Ark. 542; 5 Enc. of Ev. 15, and note, 523, and note 24. Witnesses must state facts. 24 Ark. 250. Opinions of witnesses having *knowledge* of particular facts are admissible as to value. 91 Ark. 128; Rogers Expert Testimony 13, and note 3. See, also, 10 Enc. Ev., p. 637; 34 Ark. 480; 99 *Id.* 604.

2. Plaintiff's requested instruction No. 5 should have been given. 62 Atl. 289; 2 L. R. A. (N. S.) 521; 85 N. Y. 162; 39 Am. St. 365. "Vacant" means naked or containing no article of value. 44 N. J. L. 220; 43 Am. St. 365; 13 A. & E. Enc. Law 273. Under the vacancy permit plaintiff had the right to remove all the personal property.

3. It was error to give defendant's instruction No. 3. It is abstract and not applicable to this case. 69 Ark. 380; 80 *Id.* 260; 74 *Id.* 19; 77 *Id.* 109.

4. The remarks of counsel were improper and prejudicial. 99 Ark. 558; 58 *Id.* 353; 48 *Id.* 106; 61 *Id.* 130, 137; 62 *Id.* 516; 63 *Id.* 174; 65 *Id.* 389; 65 *Id.* 619; 70 *Id.* 179; 71 *Id.* 415; 72 *Id.* 138; 74 *Id.* 210, etc.

*Brundidge & Neelly,* for appellee.

There are no errors relative to the introduction and refusal of testimony. Nor are there any errors in the instructions. The remarks of counsel were wholly within the record in discussing the weight of circumstantial evidence. The judgment should be affirmed.

SMITH, J. This is the second appeal of this case, and a statement of the material facts will be found in the opinion on the former appeal. *Chunn* v. *London & Lancashire Fire Ins. Co.,* 115 Ark. 555, 172 S. W. 837.

(1) A Mr. Candor, who was the manager of the electric light plant in the city of Searcy, where appellant's

house was located, was asked the question, "I will ask you if it is not a fact that frequently the wiring of a house ignites and burns it?" But an objection was sustained to the question. The insurance company claimed the fire was of incendiary origin, and this question was intended to furnish a possible explanation of the origin of the fire. However, it appeared that immediately preceding this question the witness was asked, "Do you know how that building was wired, and whether or not it was properly wired?" and he answered, "I do not know." No other attempt was made to show that anything about the wiring of this house could have been responsible for the fire. The answer of the witness, therefore, could only have furnished a speculative or possible cause for the fire, and we think no error was committed in excluding the answer.

(2)    A witness named Smith was permitted, over appellant's objection, to testify that a lounge which was destroyed in the fire was without value. It was the contention of the insurance company that appellant had removed from the building most of the furniture of any value, and appellant had proved the loss of this lounge. It is urged that the witness did not show himself qualified to testify as to the value of the lounge. This witness, however, had gone to the house a few days before the fire for the purpose of looking at the furniture with a view of buying some of it, and while there had observed the lounge, and answered that it had no value. The witness evidently had some personal knowledge of values, and we think no error was committed in permitting him to testify that this simple article of furniture had no value, as this was not an article about which expert evidence was necessary.

(3)    A witness, W. L. Burnett, was asked the question, "I will put the question to you, did you or not a few days prior to the time of the fire go to this building and put new locks on the back doors, and do certain other repair work on the building?" Appellee objected to this question on the ground that it was not rebuttal testimony, it being asked after appellant had taken up her cause in

rebuttal. Appellant's theory was that this proof would tend to show that she was making improvements on her place just prior to the time of the fire, and that she was not contemplating a fire. But it appears that this was the third trial of this case, and the issues in it were well-defined and sharply drawn, and appellant had substantially developed her case. Of necessity, a large discretion must abide with the trial judge in permitting the introduction of evidence in rebuttal which is not strictly of a rebuttal nature, and we can not say that any error was committed here in this respect.

It is also insisted that the court erred in permitting Mrs. Phillips to detail a conversation had with appellant the day after the fire. In response to the question, "What else did she say?" this witness answered: "She said when she got the money, she was going to travel on it, and that she was going to see that no other woman enjoyed it." It was appellee's theory that this answer explained appellant's motive, and it was, therefore, competent for that purpose. It further appears that, without objection, appellant was asked practically the same question in her cross-examination and gave substantially the same answer.

(4) Appellant asked an instruction numbered 5, which reads as follows: "The jury is further instructed that the plaintiff had the right to remove goods from her house, without notice to the defendant company, so long as the hazard was not increased thereby, the policies, of course, covering only the building and such goods as remained in the building. The jury, however, will not render a verdict of any kind concerning the goods, as that part of it has been adjudicated at a former trial."

This instruction was not proper under the circumstances, as its effect was to tell the jury that appellant had the right to remove the goods from the house if the hazard was not thereby increased, when that circumstance might have been regarded by the jury as highly important as bearing upon the origin of the fire, although it did not

increase the hazard from natural causes.  Moreover, the instruction relates to the *policies,* one of which was on the house, and the other on the furniture, and the liability of the insurance company was, of course, affected by the amount of property left in the building.

Other instructions appear to raise questions which were passed upon in the former opinion.

Upon the whole case it appears that the instructions fairly submitted the case to the jury.

Finding no prejudicial error, the judgment is affirmed.