CITY OF FAYETTEVILLE *v.* STONE.

4-4685

Opinion delivered June 14, 1937.

*Price Dickson,* for appellant.

*W. N. Ivie,* for appellees.

BUTLER, J. This suit was instituted by the appellees against the appellant to recover damages for the taking of a certain parcel of their lands for the purpose of widening, straightening and paving the west end of Wall street in the city of Fayetteville. Upon testimony adduced by the respective parties, the cause was submitted to the court sitting as a jury, and resulted in a judgment in favor of the appellees in the sum of $540.

Two questions are presented upon appeal. The first is that the evidence was insufficient to support the verdict under the rule announced in *Weidemeyer* v. *Little Rock,* 157 Ark. 5, 247 S. W. 62, which reaffirms that announced in *Cribbs* v. *Benedict,* 64 Ark. 555, 44 S. W. 707, that where the public use for which a portion of one's land is taken so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation and benefit, and the benefits thus considered must be those which are local, peculiar and special to the owner's land.

After the trial court had heard the testimony in the case he personally inspected the property alleged to have been damaged, and it is argued that the view by the court was not of itself sufficient to enable it to determine the damage. While this may be true, the view made by the

court was proper in that it was thus enabled to understand and analyze the testimony of the witnesses with respect to the situation. The testimony relating to the damage sustained is in irreconcilable conflict, both as to the benefits to the land by reason of the improvement and the damage sustained when these benefits are considered. It is unnecessary to set out this evidence in detail. Suffice it to say, that when the local and special benefits are considered the evidence adduced by the appellees is ample to sustain the judgment of the trial court.

It is finally urged for reversal that the trial court erred in its procedure relating to the production of testimony. This contention is based upon the fact that after the appellees had closed their testimony in chief they were allowed to introduce certain other witnesses whose testimony was not in the nature of rebuttal, but, if admissible at all, should have been introduced before appellees closed their case. If it is conceded that the testimony of these witnesses was of the nature contended for by the appellant, no reversible error was committed by the trial judge in allowing it to be irregularly introduced. The matter of permitting the introduction of testimony out of time is one within the discretion of the trial court, and it is only where there is a manifest abuse of this discretion which results in injury to the party complaining that the action of the trial court will be reviewed. *Chunn* v. *London L. & F. Ins. Co.,* 124 Ark. 327, 187 S. W. 307; *Harger* v. *Harger,* 144 Ark. 375, 222 S. W. 736.

Finding no reversible error, the judgment of the trial court is correct, and is, therefore, affirmed.