## READ et ux. v. LUTTRELL.

### No. 15008.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 21, 1949.

Rehearing Denied Feb. 18, 1949.

Carter, Gallagher & Barker, Howard Barker and Ben T. Warder, Jr., all of Dallas, for appellants.

Rawlings, Sayers & Scurlock and Scranton Jones, all of Fort Worth, for appellee.

HALL, Justice.

Appellants, Russell Read et ux., of Dallas County, filed this appeal complaining of a

district court in Tarrant County, Texas, overruling their plea of privilege in a case filed against them and L. M. Renfro, of Tarrant County, Texas, by one E. E. Luttrell, of Tarrant County, Texas, for the reason that no exception to their right of exclusive venue in their county of residence, to-wit, Dallas County, exists or has been proven in said cause.

Their complaints consist of three points as follows:

1. The trial court erred in overruling the plea of privilege of the nonresident defendants for the reason that the undisputed evidence discloses that as a matter of law the plaintiff failed to prove a cause of action against the resident defendant as required by Subdivision 4 of Article 1995 of the Revised Civil Statutes of Texas.

2. The trial court erred in overruling the plea of privilege of the non-resident defendants for the reason that the plaintiff did not prove or establish by a preponderance of the evidence a cause of action against the resident defendant as required by Subdivision 4 of Article 1995 of the Revised Civil Statutes of Texas.

3. The trial court erred in overruling the plea of privilege of the non-resident defendants for the reason that the undisputed evidence shows that the conduct of the plaintiff was, as a matter of law, the sole proximate cause of the collision.

Appellee E. E. Luttrell alleged in his amended original petition and controverting plea in part as follows:

"This suit arises out of a collision which occurred on or about July 27, 1947, when the plaintiff with his wife, Charlie R. Luttrell, was returning to his home in Fort Worth, Texas, from near Rhome. The defendant Luther M. Renfro was proceeding south on Highway No. 81 at a speed of about fifty (50) miles per hour. Following him the defendants Russell Read and Mrs. Russell Read were driving at about the same rate of speed, and the plaintiff was following the Reads in an automobile. While the three cars were proceeding south as herein described the defendant Luther M. Renfro, without any warning, suddenly brought his car to a stop. Said Renfro was negligent in failing to give a proper warning that he expected to stop his car and was negligent in stopping the car on the paved portion of the highway. Such acts of negligence were the proximate causes of the collision and damage sustained by the plaintiff. Also the defendants Russell Read and Mrs. Russell Read were negligent in failing to keep a proper lookout and also failed to give any character of warning of the fact that they expected to stop the car in which they were riding on the paved portion of the highway. Such acts on the part of the defendants Russell Read and Mrs. Russell Read were also proximate causes of the collision in question. As a result of said collision plaintiff's automobile was damaged so that the reasonable and necessary cost of repairing the automobile and the rental value of the car while it was being repaired totaled One Hundred Ninety-five Dollars ($195.00). Plaintiff's wife, Charlie R. Luttrell, received a personal injury. For such injury plaintiff has been damaged in the sum of Two Thousand Dollars ($2000.00)."

Appellee in his controverting plea announced his right to maintain this suit in Tarrant County, under subdivision 4 of Article 1995, Revised Civil Statutes of Texas, on the theory that his suit against the resident defendant and the suit against the non-resident defendant are so intimately connected that they may be properly joined under the rule intended to avoid a multiplicity of suits.

■ The burden of proof is on appellee (plaintiff) to prove the cause of action against the resident defendant; we shall review his testimony from its most favorable light in support of the judgment, giving said testimony every reasonable presumption which could be indulged in favor of the findings of the trial court. Such favorable evidence adduced by appellee is in substance as follows: That appellee is a resident citizen of Tarrant County, Texas; that on July 27, 1947 he was driving his 1941 Chevrolet automobile on his way home from the State of Oklahoma, and in the County of Wise, State of Texas he had been following two cars for several miles going south, all three cars traveling about 50 miles per hour, when all of a sudden while going down a hill and slight

grade around a long curve Mrs. Read's (one of the appellants herein) car began to sway quite a bit as though it might turn over, that she bumped into the car driven by defendant, L. M. Renfro, who was just ahead of her; that appellee hit Mrs. Read's car; that appellee did not see any signal given that the two cars ahead of him were going to change their course and speed. He said he was driving at a safe distance, which was approximately 150 to 200 feet behind the second car driven by appellant Mrs. Read; that he immediately put on his brakes and slid up against the other cars.

Defendant L. M. Renfro was called as a witness in behalf of appellee and testified in substance as follows: That he was involved in the accident in point; that he was the first car in line traveling in the same direction of the other two cars; that he lived in Tarrant County, Texas, and was returning from the State of Oklahoma; that he had been traveling about 35 miles per hour and was traveling at such speed when the accident occurred; that when his car was hit from behind it shoved him on down the road about 75 feet and he pulled his car off to the side of the road.

█ Appellant Mrs. Russell Read testified in her own behalf but there is nothing in her testimony which we find assists appellee in maintaining the suit in Tarrant County. She corroborated the testimony of appellee's witness defendant Renfro, wherein he testified that his car was not stopped when the accident occurred. Appellee vouched for the testimony and credibility of his witness Renfro which was uncontradicted. Borrini v. Pevely Dairy Co., Mo.App., 183 S.W.2d 839.

█ We find under the rule announced in the case of Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, that appellee failed to prove a cause of action against the resident defendant. We therefore conclude the trial court erred in refusing appellant's plea of privilege.

█ Appellee's cause of action is severable as to the appellants Russell Read and wife on the one hand and as to the Luther M. Renfro on the other. The judgment of the trial court overruling appellant's plea of privilege is reversed and judgment is hereby rendered ordering the cause transferred to the district court in Dallas County as against the appellants Russell Read et ux. but not as against the said Luther M. Renfro. The clerk of the trial court is instructed to comply with the applicable provisions of Rule 89, Texas Rules of Civil Procedure, in making such transfer.

█ The cost of this appeal and the costs of the trial court incurred in connection with the suit against appellants, Russell Read et ux., prior to the time such suit is filed in the district court of Dallas County are taxed against appellee. Rule 89.

Reversed and rendered.