**MAZE et al. v. RUSCHER et al.**

**No. 3181.**

Court of Civil Appeals of Texas.

Waco.

June 24, 1954.

Howard J. Hendrix, Al L. Crystal, Houston, for appellants.

F. Warren Hicks, Tamp W. Grobe, Joel W. Cook, Houston, for appellees.

HALE, Justice.

This is an appeal from an order sustaining a plea of privilege. Appellants, Francis H. Maze and his infant daughter, Barbara Maze, suing by her father as next friend, brought suit in the District Court of Harris County on August 28, 1953 against appellees, Herman Ruscher, Earl Ruscher and Loyce Ruscher, to recover damages on account of serious personal injuries alleged to have been negligently inflicted upon them as the result of an automobile collision which occurred in Harris County on August 2, 1953. They alleged that they resided in Harris County; that Herman Ruscher and Earl Ruscher were each residents of Fayette County and that Loyce Ruscher was a resident of Harris County; that Herman and Earl Ruscher were the owners of a 1952 Mercury coupe which Loyce Ruscher was driving with their knowledge and consent at and prior to the time of the collision; that Herman and Earl Ruscher were negligent in entrusting the Mercury coupe to a reckless and incompetent driver; that Loyce Ruscher was negligent in many particulars set forth in the petition of appellants in the driving of the Mercury on the occasion in question; and that the negligence of appellees in each of the particulars alleged was a proximate cause of the injuries and damages of which appellants complained.

The record discloses that on September 11, 1953, Hon. F. Warren Hicks, acting

as attorney for Loyce Ruscher, filed an original answer on her behalf to the original petition of appellants, such answer consisting of a general denial of the allegations contained in such petition and a prayer that she go hence with her costs. No other pleading was filed by or on behalf of Loyce Ruscher and no pleading or answer of any kind was filed by or on behalf of Earl Ruscher.

On September 23, 1953, Hon. F. Warren Hicks, acting as attorney for Herman Ruscher, filed a plea of privilege in due form, asserting the right of Herman Ruscher to be sued in Fayette County, such plea of privilege being verified by the oath of attorney Hicks. In due time appellants filed their controverting affidavit to the plea of privilege of Herman Ruscher, wherein they referred to their original petition, making the same a part of their controverting plea, and alleged that venue was properly laid in Harris County against Herman Ruscher under Subds. 4, 9 and 9a of Art. 1995, Vernon's Tex.Civ.Stats.

Thereafter, on October 2, 1953, attorney Hicks replied under oath to appellants' request for certain admissions, wherein he admitted that Loyce Ruscher was a resident of Harris County at the time when the automobile collision in controversy occurred, and that her father, Herman Ruscher, and her brother, Earl Ruscher, was each a resident of Fayette County, stating under oath that he was the attorney of record for Loyce Ruscher and as such was authorized to make the affidavit, and that the admissions therein recited were true and correct.

A hearing was had on the plea of privilege of Herman Ruscher and the controverting affidavit of appellants thereto on October 26, 1953. Upon the conclusion of the evidence, the trial court entered its order sustaining the plea of privilege and changing the venue of the entire cause with all of its parties to the District Court of Fayette County. Appellants duly excepted to the order and perfected their appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas. The appealed cause was transferred to this Court by order of the Supreme Court and is now properly pending here for review on the briefs of the respective parties.

Appellants say the order appealed from should be reversed because the court below erred (1) in sustaining the plea of privilege of Herman Ruscher and, if not, (2) in transferring the entire case with all of its parties to Fayette County. They contend, as we understand their brief, that since they alleged a joint and several liability against each appellee and proved their case against Loyce Ruscher, an admitted resident of Harris County, venue was properly laid against Herman Ruscher in Harris County and that in no event should the cause of action asserted by them against Loyce and Earl Ruscher be transferred to Fayette County. On the other hand, appellees say the order appealed from should be affirmed because the evidence introduced upon the hearing shows that Loyce Ruscher is a minor and hence her legal domicile is not in Harris County but is in Fayette County, the place of residence of her father, Herman Ruscher, and because the evidence was insufficient to establish a cause of action on behalf of appellants against any of the appellees.

No request was made of the trial court to file findings of fact and conclusions of law and none were filed. We cannot ascertain from the recitals in the order appealed from the theory upon which the court acted in ordering a change of venue of the entire case with all of its parties but we have concluded from the record before us that such order was and is erroneous and cannot be sustained on any tenable theory.

█ It clearly appears from the petition of appellants that they alleged a joint and several liability against each appellee and that the cause of action which they asserted against Loyce Ruscher is severable from that which they asserted against Herman and Earl Ruscher. That being the nature of the case as evidenced by the petition of appellants and no plea of privilege having been filed by or on behalf of Loyce

Ruscher, the trial court erred in transferring the cause of action asserted against her to Fayette County, regardless of what the state of the evidence might have been with respect to the liability of the several appellees. Comer v. Brown, Tex.Com.App., 285 S.W. 307, pt. 5; Merchants Fast Motor Lines, Inc. v. Levens, Tex.Civ.App., 161 S.W.2d 853, pt. 4; Motor Mortgage Co. v. Finger, Tex.Civ.App., 200 S.W.2d 228, pt. 6; Winter v. Hamilton et ux, Tex.Civ. App., 214 S.W.2d 330; Read v. Luttrell, Tex.Civ.App., 217 S.W.2d 457, pt. 4

■ Furthermore, if Loyce Ruscher was a resident of Harris County, as judicially admitted under oath by the attorney of record for herself and her father, and if appellants established by competent evidence the existence of a cause of action against her which arose in that county within the meaning of Subd. 9a of Art. 1995, Vernon's Tex.Civ.Stats., the venue for a trial of the action asserted against Herman Ruscher was also properly laid in that county, even though appellants failed to establish by proof the existence of any liability against him. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W. 2d 1300.

■ The evidence developed upon the hearing was without any substantial dispute. Appellants introduced five witnesses, including Loyce and Herman Ruscher, and appellees introduced none. Although the evidence did not establish the existence of a cause of action against Herman Ruscher, we fail to see how reasonable minds could differ in concluding from the record before us that Loyce Ruscher was negligent in some of the particulars alleged by appellants and that such negligence on her part was a proximate cause of the collision and resulting injuries complained of by appellants. The undisputed evidence shows that the collision occurred about 4:00 o'clock on Sunday afternoon, August 2, 1953, within or near the city limits of Houston. Loyce Ruscher was driving the Mercury coupe which belonged to her father and brother and was returning to the house of her aunt in Houston at the time when the collision occurred. The Mercury was being driven in an easterly direction along Katy Highway at a speed in excess of 70 miles per hour when it struck the rear end of the Studebaker which was also proceeding along Katy Highway in an easterly direction. The force of the impact between the cars caused the Studebaker to go off the highway to the north side thereof where it struck a tree and the Mercury went off the highway to the south. Miss McClanahan, who had been a lifetime acquaintance of Miss Ruscher, was riding in the Mercury at the time of the collision and she testified that she and Miss Ruscher were returning from Muldoon to Houston where they both worked; that Miss Ruscher lived in Houston with her aunt at 7837 Baltimore; and that she saw a man and little girl in the Studebaker car at the time of the collision but she did not know their names.

After appellants had tendered Miss Ruscher as a witness, her "personal attorney," a Mr. Cook, who was not representing her in this civil proceeding, objected to her "being required to testify to any matter relating to this accident in any way on the ground that any statement she might make would incriminate her and might be used against her in some other matter." The court sustained the objection and held that counsel for appellants could not ask her any question about the collision in controversy. However, she and her father and aunt each testified in effect on cross-examination by counsel for appellees that she was 18 years of age, had never been married and had not had her disabilities as a minor removed by judicial decree. There was also evidence to the effect that Earl Ruscher was a minor at the time of the collision and that he had been drafted into military service before the time when this suit was instituted.

■ We recognize the general rule that the domicile of a minor child is ordinarily that of the father, but we do not think Herman Ruscher can derive any benefit in this proceeding from the evidence which showed his daughter to be a minor, or that he can carry her out of Harris

County on his plea of privilege alone. No litigant or his duly authorized attorney of record ought to be allowed to blow hot and cold at the same time, or to take inconsistent and conflicting positions to the detriment of an adverse party in the course of any judicial proceeding. To permit Herman Ruscher to prove in this proceeding, for his benefit, that his daughter was not a resident of Harris County after his duly authorized attorney had admitted under oath and in accordance with the provisions of Rule 169 T.R.C.P. that she was a resident of Harris County, would, in our opinion, tend to degrade the rules of civil procedure to the level of a bag of tricks and would impair their integrity as a useful aid in the orderly administration of justice according to law.

 Art. 2159 of Vernon's Tex.Civ. Stats. provides in effect that when a minor may be a defendant to a suit and such minor has no guardian within the State, the Court shall appoint a guardian ad litem for such minor for the purpose of defending the suit. To the same effect are the provisions of Rule 173 T.R.C.P. The record before us does not show affirmatively whether Loyce Ruscher does or does not have a guardian within this State, or as to whether the Court below did or did not appoint a guardian ad litem for her for the purpose of defending her in this suit. Although the pleadings of all the parties are silent as to these matters, we think the duty rested on the trial court, when he was advised by the evidence that Loyce Ruscher was a minor, to appoint a guardian ad litem for her before entering any order in the cause that might affect her interest adversely, unless it should be made known to the court that she had a guardian within the State or that a guardian ad litem had already been appointed by the court to represent her in this case. That duty will rest upon the trial court again if and when it again acquires jurisdiction over the cause.

Having concluded that the order appealed from is prejudicially erroneous, it will be in all things reversed and the cause with all of its parties will be remanded to the court below for further proceedings not inconsistent with the views herein expressed, with all costs of this appeal to be taxed against appellee, Herman Ruscher. Reversed and remanded.