URBAN RENEWAL AGENCY OF THE CITY OF NORTH
LITTLE ROCK *v.* SHAW.

5-3642                                              395 S. W. 2d 741

Opinion delivered November 22, 1965.

*Byron R. Bogard,* for appellant.

*Fred Newth, Martin, Dodds & Kidd,* for appellee.

ED. F. MCFADDIN, Associate Justice. This is an eminent domain proceeding. The appellant, acting under Ark. Stat. Ann. § 19-3056 *et seq.* (Repl. 1956), took the property of the appellees. The Chancery Court awarded the appellees $57,150.00 for the property taken and the appellant prosecutes this appeal urging the two points which we will consider in the order listed:

"1. The award of $57,150.00 as the reasonable market value of the property taken as of March 4, 1964, is excessive and the award is against the preponderance of the evidence.

"2 It was error for the Court to inspect the property without the knowledge and consent of the parties to the suit, at a time when the property had been materially changed by improvement of the property."

I. *Excessive Award.* The appellant filed action in the Pulaski *Circuit* Court on April 29, 1963, seeking to acquire the lands of the appellees, made a deposit of $10,100.00, and sought immediate entry on the lands.

However, before entry, appellant withdrew the deposit with the permission of the Court and obtained cancellation of the right of immediate entry. When the appellees (landowners) by proper proceedings denied any necessity for the appellant to take the lands, the Circuit Court transferred the proceedings to the *Chancery* Court; and in that forum the cause proceeded to trial. On March 4, 1964 the appellant renewed its tendered deposit of $10,100.00 and obtained an order of the Chancery Court permitting immediate entry on the land. Thus the question of the value of the land is the value on March 4, 1964, the day it was actually taken. On that issue the cause was tried on evidence *ore tenus* in the Chancery Court and resulted in a decree finding the value to be $57,150.00.

The appellant claims the said amount is excessive; but we cannot say that the finding of the Chancery Court is against the preponderance of the evidence. Louis C. Cohen, whose qualifications as a real estate appraiser were admitted by the appellant, testified that he had examined the property prior to March 4, 1964, and again a few days before the trial on November 5, 1964. He testified:

"Q. What would the total value of the lots be?

"A. $61,600.00. . . . .

"Q. Mr. Cohen, is this value based on the highest and best use to which the property may be put?

"A. Yes, sir.

"Q. And in your opinion what is the highest and best use for the property?

"A. Either as a medium high rise apartment or medium high density and also small office building, either use.

"Q. Mr. Cohen, this property is just a short distance West of Main Street there, is it not?

"A. Yes, sir."

Bill Hood, whose qualifications as a real estate appraiser were likewise admitted by the appellant, testified that the value of the property on March 4, 1964 was $61,250.00. As to the use of the property, he testified:

"Q. In your opinion what is the highest and best use to which these properties can be put. What was it as of March 4, 1964?

"A. For office, moderately high density apartment or parking. . . . ."

Raymond E. Block, Sr., whose qualifications as a real estate appraiser were likewise admitted by the appellant, testified that he was familiar with this property and that as of March 4, 1964 the value of the property was $75,000.00 as a maximum and $56,250.00 as a minimum. This occurred:

"Q. In your opinion what is the highest and best use for this property?

"A. It would be ideal for offices and light commercial property."

While the appellant by cross examination endeavored to weaken the testimony of the said three real estate appraisers, and produced competent appraisers who gave much smaller values, nevertheless we cannot say that the value as fixed by the Chancery Court is contrary to the preponderance of the evidence.

II. *Inspection By The Chancellor.* The witnesses testified *ore tenus* on November 5, 1964 and the cause was taken under submission. The decree was rendered and entered on January 4, 1965, and in the first paragraph of the decree there is this language: "And this cause is submitted to the Court . . . upon . . . testimony taken ore tenus at the bar of the Court. From the examination of such evidence *and inspection of the property* and other matters and things before the Court, the Court doth find . . ." (emphasis our own). Now on appeal—and for the first time—the appellant says:

"It was error for the Court to inspect the property without the knowledge and consent of the parties to the suit, at a time when the property had been materially changed by improvement of the property."

The appellant approved the decree as to form on January 4, 1965. No objection was made to the language of the decree as heretofore quoted, and no record was made as to when and under what circumstances the Chancellor made any inspection of the property. For all that the record shows the use of the words "inspection of the property" may have been copied from some other form. There is no record whatsoever on this point except the bare words in the decree, and no objection was made in the Chancery Court to those words or to any inspection made by the Court. Under some circumstances it is proper for the Court and/or the Chancellor to inspect the property. *Mitcham* v. *Temple*, 215 Ark. 850, 223 S. W. 2d 817; and *Fayetteville* v. *Stone*, 194 Ark. 218, 106 S. W. 2d 158. For aught shown to the contrary the inspection by the Chancellor in the case at bar may have been under proper circumstances.

We cannot consider a point like this one urged here, and not urged below. The case of *Springfield* v. *Housing Authority of Little Rock*, 227 Ark. 1023, 304 S. W. 2d 938, is directly in point. There we said:

"Appellants also argue that the trial court erred in viewing the properties in question. However, no objection to the court's action in this respect was made at the trial and the question cannot be raised for the first time on appeal. *Koelsch* v. *Arkansas State Highway Commission*, 223 Ark. 529, 267 S. W. 2d 4."

Finding no error, the decree is affirmed.