## Larry Oliver SHIPMAN *v.* STATE of Arkansas

5695                                   478 S.W. 2d 421

Opinion delivered April 3, 1972

*Louis W. Rosteck,* for appellant.

*Ray Thornton,* Atty. Gen., by *Milton Lueken,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. By felony information the appellant was charged with first degree murder. A jury found him guilty and assessed his punishment at life imprisonment in the state pentientiary. From that judgment appellant, through his court-appointed trial counsel, brings this appeal. For reversal we first consider appellant's contention that "the evidence is insufficient to sustain the conviction of first degree murder."

The decedent's oldest child, a nine-year-old daughter, was a witness to the alleged crime. She testified that the appellant, decedent's brother-in-law, came to the apartment where she and her mother were staying that night with a relative. After being there a few minutes, the appellant went into the bathroom and four or five minutes later reappeared with a brick which was used as a doorstop. Without any warning or provocation the appellant struck the decedent on the back of the head three or four times while the decedent had her back turned attending one of her five small children. Appellant then dragged the mother outside and put her in his car and left. The child's screams attracted the landlord in a nearby apartment and he telephoned the police. The landlord testified that appellant had come to him about an hour earlier in the evening and complained that someone was peeping in the apartment where decedent was staying. This witness accompanied the police to the apartment and described the front room as being spattered with blood. The autopsy report revealed that decedent died from head wounds inflicted by some type of object.

The alleged crime occurred about 9 p.m. and appellant was apprehended a few hours after midnight. During the day appellant made two oral confessions to law enforcement officers before discovery of the body late in the afternoon. He then signed a written confession. In each of these statements the appellant admitted that he had beaten his sister-in-law and detailed how he had disposed of her body. The decedent's body was finally found in the general area indicated by appellant. Appellant told the officers that he struck his sister-in-law with a brick following an argument about her treatment of her children; having his brother "locked up" and not signing the necessary papers to have him released from jail; and also that she

made derogatory remarks about appellant's wife. Appellant stated: "At this time I hit her with a brick that I picked up next to the front door that was being used for a doorstop. This was during a scuffle while we were fighting." After striking her he admitted placing decedent in his car for the purpose of taking her to the hospital and after discovering she was dead, he hid her body in a wooded area and covered it with leaves. According to the state's evidence, appellant spoke coherently and he assisted in locating the body.

Appellant did not testify. He interposed a plea of insanity. Four lay witnesses testified, in effect, that from their long acquaintance with the appellant they considered him to be mentally deficient and that he suffered from loss of memory. One witness described him as being "like a little child" with memory lapses. The trial court fully instructed the jury on all degrees of homicide, as well as the issue of insanity.

The thrust of appellant's argument is that the evidence is insufficient to establish the required elements of specific intent, premeditation, and deliberation. In *Figeroa* v. *State,* 244 Ark. 457, 425 S.W. 2d 516 (1968) we quoted with approval that: "While the intent to kill cannot be implied as a matter of law, it may be inferred from the facts and circumstances of the assault . . . and all other facts and circumstances tending to reveal defendant's state of mind." Further, it is an oft stated rule of law that premeditation and deliberation in the act of murder can be formulated in the assailant's mind upon an instant. "It does not have to exist in the mind an appreciable length of time. All that is necessary is for it to exist when the assailant commits the act." *Jackson* v. *State,* 133 Ark. 321, 202 S.W. 683 (1918). On appeal we must, of course, view the evidence in that light which is most favorable to the appellee and affirm the finding of a jury and its verdict where there is any substantial evidence to support it. *Stanley* v. *State,* 248 Ark. 787, 454 S.W. 2d 72 (1970). Certainly in the case at bar we cannot say there is no substantial evidence to support the jury's verdict of guilty of first degree murder.

Appellant also contends for reversal that the court erred in admitting certain photographs into evidence which showed the position of decedent's body when found by the investigating officers. We find no merit in this contention. Appellant argues that the photographs served no purpose except to inflame the minds of the jurors to the prejudice of appellant. It must be remembered that the burden was upon the state to prove all the elements of first degree murder beyond a reasonable doubt. These photographs merely showed the position of decedent's fully-clothed body in a wooded area, partially covered by leaves. These pictures were of a corroborating nature as to appellant's admissions and the officers' testimony. Further, it is well established that the trial court is accorded wide discretion in admitting photographs into evidence. *Stanley* v. *State, supra; Harris* v. *State,* 239 Ark. 771, 394 S.W. 2d 135 (1965). We find no abuse of discretion in the case at bar.

Appellant also asserts for reversal that the court erred in admitting a purported written confession signed by him. After the state had rested its case, the appellant presented four witnesses who testified that appellant suffered from lapses of memory or inability to recall events. The court then permitted the state to introduce a signed written confession by the appellant. This statement, found to be voluntarily made following a *Denno* hearing in chambers, recited in detail the appellant's commission of the alleged offense and the disposal of the victim's body following the alleged crime. The court then instructed the jury that it was permitted in evidence as a rebuttal to the evidence adduced by appellant that he was incapable of recalling or remembering events. Our trial courts are granted wide discretionary powers in determining the nature and extent of rebuttal testimony. *City of Fayetteville* v. *Stone,* 194 Ark. 218, 106 S.W. 2d 158 (1937); *Harger* v. *Harger,* 144 Ark. 375, 222 S.W. 736 (1920); *Chunn* v. *London & Lancashire Fire Ins. Co.,* 124 Ark. 327, 187 S.W. 307 (1916). In the case at bar we are of the view there was no abuse of discretion by the trial court in admitting appellant's statement, accompanied by the cautionary instruction, as rebuttal evidence. Furthermore, this signed confession, given after discovery of the victim's body, appears in

conformity with the two oral statements previously given to the officers and admitted into evidence during presentation of the state's case in chief. In our view the undisputed evidence by the state, in a *Denno* hearing, established that appellant's signed statement was freely and voluntarily made and followed a recital of the *Miranda* warning with a full explanation of his rights.

After reviewing the trial proceedings for any errors prejudicial to the rights of appellant, as we are required to do by Act 333 of 1971 [Ark. Stat. Ann. § 43-2725 (Supp. 1971)], and finding none, the judgment is affirmed.

Affirmed.