Charles O. FINNIE *v.* STATE of Arkansas

CR 79-42                                           593 S.W. 2d 32

Opinion delivered January 28, 1980

*James E. Davis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. A jury convicted Charles Finnie of second degree murder in the Circuit Court of Miller County and sentenced him to twenty years imprisonment. Appellant contends the refusal of certain character testimony was reversible error and that he was denied effective assistance of counsel because of the association of his attorney and the special prosecutor.

Appellant Charles Finnie was charged with first degree murder in the shooting death of Earl Tatum on May 7, 1977. Claiming self-defense, appellant entered a plea of not guilty, was tried before a jury and found guilty of the lesser included offense of second degree murder on September 13, 1977. Appellant failed to file a timely appeal, but later sought Rule 37 post-conviction relief and moved for a new trial, both of which were denied. On June 11, 1979, this Court granted appellant's motion for belated appeal.

Appellant alleges for reversal that the trial court's ruling prohibiting the witness Kress W. Nowlin from testifying as to the peaceful and law-abiding nature of appellant denied him his rights under the Sixth and Fourteenth Amendments to the United States Constitution. The Uniform Rules of Evidence adopted in Arkansas provide for the use of character evidence in certain cases. Rule 404 provides in part:

(a) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same . . .

(Uniform Rules of Evidence, Rule 404, Ark. Stat. Ann. § 28-1001 [Repl. 1979])

As noted earlier, appellant was charged with first degree murder, to which he pled not guilty and claimed self-defense. Thus, the traits of being peaceful and law-abiding were pertinent to both the crime with which he was charged and the

defense upon which he relied. Therefore, this character evidence was admissible in the trial below. Rule 405(a) of the Uniform Rules of Evidence sets out two of the methods by which character may be proven:

(a) Reputation or Opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

In the instant case, appellant properly sought to introduce evidence of his reputation for being a peaceful and law-abiding citizen. He called the witness Kress W. Nowlin to testify as to that reputation. After Mr. Nowlin had told the Court that he knew the reputation of the appellant in the community for being peaceful and law-abiding, the following exchange took place:

By Mr. Gunter [the prosecutor]:
Your Honor, I would like at this time to take the witness on voir dire.

By the Court:
All right.

## VOIR DIRE EXAMINATION

By Mr. Gunter:
Q. Mr. Nowlin, you are about to give some testimony, or you came here for the purpose of giving some testimony in response to the question just asked?

A. That's right.

Q. I just want to ask you if you came here prepared to testify about what you know, or are you coming over here to testify about what other people have said?

A. What I know.

By Mr. Gunter:
The witness is not qualified for reputation and character testimony, and I move it not be allowed.

After defense counsel once again on redirect examination attempted to show the witness to be qualified to give character testimony as to reputation, the prosecutor's objection and motion that the witness be prevented from giving such testimony was sustained by the trial court.

It is apparent from the record that both Mr. Nowlin and the trial court were confused by the question put to the witness by the prosecutor. Defense counsel had correctly established Mr. Nowlin's qualifications for giving the testimony sought, but the "When did you stop beating your wife?" type question asked by the prosecutor created a ball of confusion that was never unraveled.

The United States Supreme Court has recognized the value of character testimony to a defendant in those cases in which a particular trait of character is involved in the crime with which he is charged — as in the present case where the defendant, charged with murder, sought to put on evidence as to his peaceful and law-abiding nature. The Court has noted:

He [defendant] may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged. This privilege is sometimes valuable to a defendant for this Court has held that such testimony alone, in some circumstances, may be enough to raise a reasonable doubt of guilt . . . (*Michelson* v. *United States,* 335 U.S. 469, 476, 69 S.Ct. 213, 93 L. Ed. 168 [1948]; *Edgington* v. *United States,* 164 U.S. 361, 17 S. Ct. 72, 41 L. Ed. 467 [1896]).

We cannot say that the exclusion of the character evidence offered by appellant was harmless error; error is presumed prejudicial unless we can say with confidence it is not. *Buckeye Cellulose Corp.* v. *Vandament,* 256 Ark. 434, 508 S.W. 2d 49 (1974); *Allen* v. *Ark. State Hwy. Comm'n.* 247 Ark. 857, 448 S.W. 2d 27 (1969).

Since this appeal has been decided on the grounds that appellant was wrongfully prohibited from putting on testimony as to his reputation for being peaceful and law-abiding, it is unnecessary to rule on appellant's other contention — that the officing arrangements between defense counsel and the special prosecutor were so interconnected as to deprive appellant of effective assistance of counsel and a fair trial. As the appellant is presently represented by the Public Defender, this possible conflict should not occur on retrial. We do, however, take this opportunity to note that we do not condone representation of adverse interests, especially in criminal cases, by attorneys whose law practices are substantially connected. The interests of justice, and public confidence therein, require attorneys to take every reasonable step to protect the rights of their clients, and to avoid even the appearance of a conflict of interests in their representation.

Reversed and remanded.