John Herbert KELLENSWORTH *v.* STATE of Arkansas

CR 82-1                                      631 S.W. 2d 1

Supreme Court of Arkansas
Opinion delivered March 8, 1982
[Supplemental Opinion on Denial of Rehearing delivered April 19, 1982.]

*L. Gene Worsham* and *Beth G. Coulson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. John Herbert Kellensworth, Jr. was convicted and sentenced to ten years imprisonment for rape and three years for burglary. The crimes occurred in Pulaski County, Arkansas, but the case was tried to a jury in nearby Perry County to preclude any possibility of prejudice to the defendant because of pretrial publicity.

Kellensworth's conviction must be reversed because the trial court erroneously permitted certain testimony by Kellensworth's former wife. The State called her after the defense rested and the sole purpose of her testimony was to impeach testimony by Kellensworth and his parents. Kellensworth's mother had testified that Kellensworth "wor-

shipped" his former wife and child. On cross-examination Kellensworth and his father testified that Kellensworth loved his former wife. The former wife, Vickie Kellensworth, was allowed to rebut this by testifying that Kellensworth, at various times, pulled a gun on her, tried to run her off the road, knocked her up against a brick wall, and on a separate occasion struck her.

The trial judge admitted the testimony because he considered it simple rebuttal evidence. But it was more than mere rebuttal testimony. It was offered to impeach, or discredit, the testimony of Kellensworth and his parents.

A witness cannot be impeached on a collateral matter by calling another witness to contradict the testimony of the first witness. 3A WIGMORE ON EVIDENCE § 1001; *Swaim* v. *State,* 257 Ark. 166, 514 S.W. 2d 706 (1974); *See Haight* v. *State,* 259 Ark. 478, 533 S.W. 2d 510 (1976); *Mathis* v. *State,* 267 Ark. App. 904, 591 S.W. 2d 679 (1980). The reason for the rule is that to permit such a tactic would only distract the jury from the main issue, waste time and prejudice a defendant. McCORMICK'S EVIDENCE § 47 (1972).

The rule does not mean a witness can never be discredited on a collateral matter. Cross-examination is the usual tool available. Or in some instances, judicial notice can be taken of a fact which will contradict testimony of a witness.

The question of whether the matter was collateral in this case is not easy. One test of whether a fact is collateral is whether the fact is independently provable. If the fact is independently provable it is not collateral. Generally, two kinds of facts meet this test: Those that are relevant to the substantive issue in the case and those facts that show bias, interest, conviction of a crime, or want of capacity, opportunity, or knowledge of the witness. 3A WIGMORE ON EVIDENCE §§ 1004, 1005. The mother's testimony does not seem to fall into either category and is therefore collateral.

At most, the statement by the mother would be one of "good character," a fact any defendant can choose to place before a jury. Ark. Stat. Ann. § 28-1001, Rule 404 (Repl. 1979); *Finnie* v. *State*, 267 Ark. 638, 593 S.W. 2d 32 (1980). In that narrow sense the evidence might not be deemed collateral. Ark. Stat. Ann. § 28-1001, Rule 405, permits a defendant to offer evidence of his good character but that evidence is limited to testimony as to his reputation and opinion testimony. Such evidence may be directly challenged through cross-examination. *Michelson* v. *U.S.*, 335 U.S. 469 (1948). Or the State can rebut the evidence in kind with contrary evidence of reputation. But the State cannot produce witnesses to testify to specific acts of misconduct. McCORMICK'S EVIDENCE states: "... The witnesses for the prosecution are limited on direct [of their witnesses called in rebuttal] to assertions about the reputation and may not testify to particular acts or rumors thereof." McCORMICK'S EVIDENCE § 192. Also *see* 29 Ark. L. Rev. 14. Rule 405 (b) provides that when character or a character trait is an essential element of a charge, claim or defense, proof may be made of specific instances of misconduct. But *obviously the evidence offered is not an essential element of a charge of rape*. Rule 404 (a) (1) speaks to a "pertinent trait of character." But there is no such character trait at issue in this case. McCORMICK'S EVIDENCE identifies character traits as either moral or nonmoral. The nonmoral traits are ones of care, competence, skill or sanity; the moral character traits being peacefulness, honesty and the like. McCORMICK'S EVIDENCE § 187. Our Rules of Evidence mention only peacefulness as a trait, Rule 404 (a) (2), but do not exclude generally accepted character traits. In our judgment it is not a character trait to "worship" one's wife. As we said, if anything, such a statement might qualify as a statement of good character in general, and only that. The State chose to disprove this general statement in a completely unacceptable way; they called Kellensworth's former wife to tell the jury of specific acts of misconduct to contradict the testimony of the mother that Kellensworth "worshipped" his former wife and child. The prejudicial effect of the testimony cannot be denied. Threatening another with a deadly weapon and striking another are both criminal

offenses. So, regardless of whether the statement by the mother was collateral, the court was wrong in permitting the prejudicial evidence to go to the jury.

The other issues raised by Kellensworth are without merit. It is argued that it was error for the State to allow the victim to testify that she had identified Kellensworth at a pretrial lineup because she admitted that she never saw Kellensworth's face. The defense reasons that such an identification was too improbable. But at a pretrial lineup the victim picked out Kellensworth because of his posture, hair, and build. A voice identification was conducted at which the victim could not see the speakers. Each man in the lineup spoke several phrases that the victim said were spoken by her assailant. The victim positively identified Kellensworth's voice as that of her assailant. Identification was *the* issue in this case and the victim was closely cross-examined about her pretrial identifications of Kellensworth. Recently we held that a victim can tell the jury she identified her assailant in a pretrial lineup. *Conley* v. *State,* 272 Ark. 33, 612 S.W. 2d 722 (1981). There was no error in allowing the testimony.

A victim of another rape was allowed to testify during the State's case in chief that Kellensworth was her assailant. She was called during the State's case in rebuttal to testify that she had identified Kellensworth in a lineup and in a voice identification procedure. The State also called a detective in rebuttal who testified that this victim in the separate rape case had positively identified Kellensworth as her assailant. This evidence had not been brought out during the State's case in chief, and Kellensworth argues this was, therefore, improper rebuttal testimony. Again, identification was the critical issue in this case and Kellensworth had testified after the victim's testimony that he was not her attacker, offering evidence of an alibi. Rebuttal is a discretionary matter with the court and we cannot say that that discretion was abused. *Decker* v. *State,* 255 Ark. 138, 499 S.W. 2d 612 (1973); *See* Ark. Stat. Ann. § 43-2114 (Repl. 1977).

Before the victim of the separate rape was allowed to

testify that Kellensworth was her assailant the defense objected that that tetimony had no relevance to the case for which Kellensworth was being tried. The testimony was allowed solely on the issue of identification. The trial court concluded that because the circumstances of the two rapes were very much alike, the other victim should be permitted to testify. Indeed we said in *Tarkington* v. *State,* 250 Ark. 972, 469 S.W. 2d 93 (1971), that such evidence is admissible. *Norris* v. *State,* 170 Ark. 484, 280 S.W. 398 (1926). However, we do not reach that issue because it is not raised on appeal.

On appeal the objection is not that the court was wrong in permitting the evidence by the other victim, but that it was wrong in giving a cautionary instruction to the jury before the testimony because it called undue attention to the testimony and because the instruction amounted to a comment on the evidence. The instruction reads:

> The Court shall admit testimony of another event that you may find to be similar to the one charged in the Information. You will not be permitted to convict the defendant upon such testimony. Such evidence of another similar event committed under similar circumstances is admitted solely for the purpose of establishing the identity of the defendant. And you should consider such evidence for this purpose alone. Whether the two events are similar is for you to decide. The defendant is not on trial for any offense except the offenses alleged in the Information.

In no way does this instruction make a comment on the facts in violation of Art. 7, § 23 of the Arkansas Constitution. It simply tells the jury what it ought to be told regardless of the objection of a defendant: That the sole purpose of the testimony is to determine whether the two rapes were committed by the same person. The jury decides the facts. *Compare* to AMI 301. On remand if the defense insists the court should not give the instruction because it will call undue attention to the evidence, it should not be given.

A ski cap was found some distance from the residence of the victim. Apparently it was several blocks away. A policeman testified he was on the scene shortly after the incident and the cap was dry when there was dew on the ground. Four hairs found in the cap were examined by an expert who testified they were similar to Kellensworth's. Kellensworth's argument is that since the victim could not identify the cap, it should not have been admitted. The court found it relevant and we agree. Ark. Stat. Ann. § 28-1001, Rule 401 (Repl. 1979).

Finally, Kellensworth argues that the charges in another case, Case #CR 81-57, *State* v. *Kellensworth,* must be dismissed because the victim in the rape case testified against him in this trial; that was the victim who positively identified him. Kellensworth argues it amounts to double jeopardy if he is tried on that charge. Double jeopardy does not attach where there is no possibility of conviction. Ark. Stat. Ann. § 41-107 (Repl. 1977). The argument merits no further discussion.

Reversed and remanded.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. I do not agree that the trial court abused its discretion in permitting the rebuttal testimony of appellant's former wife relative to his conduct toward her. The testimony was initiated, not by the prosecution but by the defense in repeated questions to appellant's mother as to appellant's behavior and conduct toward his wife and son. The obvious purpose was to create an impression by the jury that appellant was an adoring and devoted husband and father. No other inference is possible. Where that occurs the State is entitled to some latitude to rebut that kind of evidence with facts from which other inferences could be drawn. Otherwise, the prosecution is rendered helpless where the defense affirmatively elicits testimony which portrays the character of the accused in a false light. The testimony was not collateral and the means

by which the State answered it in rebuttal falls within the "wide discretion" of the trial court, which we will not reverse absent manifest abuse. *Shipman* v. *State,* 252 Ark. 285, 478 S.W. 2d 421 (1972); *City of Fayetteville* v. *Stone,* 194 Ark. 218, 106 S.W. 2d 158 (1937).

Supplemental Opinion on Denial
of Rehearing delivered April 19, 1982

DARRELL HICKMAN, Justice. The State in its petition for rehearing argues that the case of *Howell* v. *State,* 141 Ark. 487, 217 S.W. 2d 457 (1920), is directly in point and holds that the State can impeach testimony brought out on direct examination with contradictory testimony. In *Howell* the victim in a rape case stated on direct examination that she had never had sexual intercourse with any man except the defendant. The defense was not allowed to impeach this testimony by offering the testimony of another man. We held this was error, pointing out that the State brought up the issue on direct examination, and since it did, the defense ought to be allowed to impeach it with contradictory testimony. If the counterpoint of that situation existed in this case it would have been as follows: Kellensworth would have stated on direct examination that he had never mistreated his wife in any way by striking her or beating her. In *Howell* the testimony was not that the victim was chaste or had a reputation for chastity, an issue permitted to be raised in those days, but was that the victim herself had never had intercourse with anyone except the defendant. The statement was not made by a third party but by the victim herself. In this case the statement was a general statement

by Kellensworth's mother and at best could only have been a statement of opinion as to general character, not specific instances of good conduct. Furthermore, the State elicited from Kellensworth and his father on cross-examination testimony about how Kellensworth treated his wife; this subject was never raised by the defense during the direct examination of these witnesses. Due to these differences we deem *Howell* v. *State, supra,* distinguishable.