UNITED STATES, Appellee,

v.

Sergeant First Class Walter E. STEPHENS, SSN 258–68–2500, United States Army, Appellant.

CM 443275.

U.S. Army Court of Military Review.

18 Nov. 1983.

**674**

Captain Peter R. Huntsman, JAGC, argued the cause for the appellant. With him on the brief were Colonel R. Rex Brookshire II, JAGC, and Captain Michael T. Kelly, JAGC.

Captain Richard J. Fadgen, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Thomas J. LeClair, JAGC.

Before CLAUSE, COKER and HANFT, Appellate Military Judges.

OPINION OF THE COURT

COKER, Judge:

The appellant was convicted by a court composed of officer and enlisted personnel of premeditated murder in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918 (1976) and sentenced to a dishonorable discharge, confinement at hard labor for life, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence. The primary issue before this Court is the ruling of the trial judge in excluding evidence of the appellant's "character as a moral law-abiding citizen". Under the particular facts of this case, we hold that such evidence was not admissible.

At trial, the defense theory was that the appellant sought an interview with the decedent to seek redress and an explanation of their differences, and had lawfully armed himself for the interview. During the confrontation and due to aggressive acts of the decedent, the appellant displayed the weapon as an act of self-defense to threaten the decedent. The weapon discharged by accident resulting in the decedent's death. To support this theory, the defense sought to offer evidence as to the appellant's peaceable character and as to his moral law-abiding character. The trial judge denied the latter while permitting the former. The excluded evidence was offered by the defense as a specific character trait within Military Rule of Evidence 404(a)(1). The prosecutor contested the evidence on the basis that "general good character" is not admissible under Rule 404(a)(1). The trial judge specifically determined that evidence of law-abiding character was the same as general good character and therefore was not admissible.

Decisional law has now established that law-abidingness is a specific trait of character, *United States v. Clemons,* 16 M.J. 44 (C.M.A.1983); *United States v. Angelini,* 678 F.2d 380 (1st Cir.1982); *United States v. Hewitt,* 634 F.2d 277 (5th Cir.1981), and therefore admissible by the defense if it is relevant to the crime and the defense prof-

fered. *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). The core of the defense case was clearly the accidental discharge of the weapon. While peaceableness is directly relevant to that question, law-abidingness has no tendency to prove or to disprove such fact. Thus, we find that the appellant's evidence as to his law-abiding character was not relevant in view of the facts as developed by the defense before the trial court, and that the ruling of the trial judge involved no prejudicial abuse of discretion. *Michelson v. United States, supra* at 480, 69 S.Ct. at 220–221.

Even assuming that the trial judge erred in his ruling, Stephens was not prejudiced by the error. While the defense proffer as to the expected testimony is not a model of exactitude, it can be fairly inferred that the testimony as to law-abidingness would have been offered by the same witnesses who testified as to Stephens' peaceful character, and upon the same basis of knowledge.

While one's character as a peaceful person and of being a "moral law-abiding person" are not necessarily synonymous, based upon the facts of this case and the substantial testimony concerning Stephens' peaceful character, the proffered evidence would have been merely cumulative. In essence, his law-abiding character was before the members. *Cf. Clemons, supra; see generally, United States v. Credit,* 8 M.J. 190 (C.M.A.1980) (testimony of requested character witnesses was merely cumulative).

The Court has carefully scrutinized the record of trial and is convinced beyond a reasonable doubt of the appellant's guilt. The remaining assignments of error are not meritorious.

The findings of guilty and the sentence are affirmed.

Senior Judge CLAUSE concurs.

HANFT, Judge (dissenting):

The majority reason that evidence of law-abiding character was not admissible in this premeditated murder case because it was not relevant to the defense of accident, i.e., that such evidence "has no tendency to prove or to disprove such fact." But there is more to this case than the defense of accident. What about self-defense and the premeditated design to kill? As the trait of being law-abiding is pertinent both to the crime of murder and to the issue of self-defense, evidence of that particular character trait is admissible. *Finnie v. State,* 267 Ark. 638, 593 S.W.2d 32 (1980). *See also United States v. Clemons,* 16 M.J. 44 (C.M.A.1983); *United States v. Angelini,* 678 F.2d 380 (1st Cir.1982); *United States v. Hewitt,* 634 F.2d 277 (5th Cir.1981). I would set aside the findings of guilty and the sentence and authorize a rehearing.