Ira Joseph CORISTO *v.* STATE of Arkansas

CA CR 85-3                                           689 S.W.2d 580

Court of Appeals of Arkansas
Division II
Opinion delivered May 22, 1985

*Greene Law Office*, by: *Anthony J. Sherman*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel Huggins*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case the sole issue raised for reversal is the sufficiency of the evidence to sustain the appellant's conviction. The appellant was convicted of first degree murder and sentenced to twenty five years in the Arkansas Department of Correction. From that decision, comes this appeal.

The appellant's wife was fatally wounded by a shotgun blast while at the couple's apartment. The appellant gave several different versions of the incident to different witnesses. Herman Brimer, an ambulance attendant, testified that the appellant told him that Ms. Coristo had been in the kitchen where he was preparing a meal, that the couple had been arguing, that his wife ran to the bedroom and the gun went off. Robert Lusk, a Little Rock Police Department patrolman, testified that when he arrived at the scene the body was found in the doorway to the bedroom and that the appellant told him that he was cooking and he dropped a plate and heard the gun go off. Officer Lusk testified that the appellant was upset and nervous.

Sergeant Duane Chapman testified that when he arrived at the scene he saw the shotgun lying against the bed, and he checked it because it appeared to be in a somewhat dangerous position. When he checked the gun, he found the safety to be on. The appellant told him the same story he had told Patrolman Lusk, and advised the officer that he had not handled the gun that day. At that point, Sergeant Chapman became suspicious because he felt that safeties on guns do not spontaneously engage. Sergeant Chapman then advised the appellant of his Miranda rights and confronted him with what the officer viewed as inconsistencies in the appellant's statement, with emphasis on the fact that the gun was on safety. At that point, according to Sergeant Chapman, the appellant broke down and admitted that he had shot his wife.

Detective James Keathley arrested the appellant and transported him to the Little Rock Police Department where he was again advised of his rights to counsel and to remain silent. Detective Keathley testified that the appellant was upset and sometimes would cry. Detective Keathley and Detective Gray LeMaster obtained a statement from the appellant. The statement indicated that the appellant had been drinking on the day of the shooting. The appellant stated that he and his wife had a disagreement over the exchange of some baby bottles, and that his wife had slapped him. The statement indicated that the appellant and his wife had fought the previous night and she had locked him out of the apartment. The appellant stated to the officers that he was cooking tuna croquets and that, because he suffers from Tourettes Syndrome, he was shaking and he dropped a plate, which broke. He stated that his wife became angry and

threatened to shoot him. According to the appellant's statement, she then went into the bedroom and he followed her because he did not know what she was going to do. He stated that he got between his wife and the .16 gauge shotgun and his wife turned to leave the room. He then picked up the gun, claiming he intended to unload it, and the gun went off. In the statement the appellant acknowledged that he had told the officers a different story when they arrived because he was scared.

Dr. Donna Brown, a forensic pathologist, testified that the fatal wound suffered by the appellant's wife resulted from a shot which was almost on a horizontal or straight line, and that the victim was shot from a distance of four to eight feet from the muzzle of the gun. Robert Phillips, a firearm and tool mark examiner for the Arkansas State Crime Laboratory, testified that he examined the shotgun and found no evidence of any malfunctions, and he observed that the safety on the gun was stiff, or hard to engage, and that the trigger pull was normal.

Virginia Edgemond, a friend and neighbor of the appellant and his wife, testified that she had observed the appellant and his wife fighting about a week before the shooting. She stated that the appellant got mad, went into the bedroom and got the shotgun, put it up to his wife's face and said he was going to kill her. (This testimony was objected to at trial, and the trial court overruled the objection, but the correctness of that ruling is not argued on appeal.) Ms. Edgemond also testified that the deceased was afraid of guns, and that she had asked Ms. Edgemond to unload the shotgun before because she was scared of it, and that the deceased had hidden the shells before. Ms. Edgemond also testified that, within a two week period prior to the shooting, she had heard the appellant threaten his wife on other occasions besides the one mentioned earlier.

After hearing the foregoing testimony, the jury found that the appellant deliberately and premeditatedly shot his wife, causing her death. As we stated in *Jones* v. *State*, 11 Ark. App. 129, 135, 668 S.W.2d 30 (1984):

> We must affirm the jury's verdict if there is substantial evidence to support it. *Stanley* v. *State*, 248 Ark. 787, 454 S.W.2d 72 (1970). Substantial evidence is that evidence that is of sufficient force and character that it will, with reasonable and material certainty and precision, compel a

conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). The jury may infer premeditation and deliberation from the circumstances of the case, such as the character of the weapon used, the manner in which it was used, the nature, extent and location of the wounds inflicted and the like. *See McLemore* v. *State*, 274 Ark. 527, 626 S.W.2d 364 (1982); *see also Shipman* v. *State*, 252 Ark. 285, 478 S.W.2d 421 (1972).

In the case at bar we have little trouble finding substantial evidence to support the jury's verdict. Appellant's counsel argues that the earlier threat was irrelevant, and that evidence should not serve to provide proof of premeditation and deliberation. However, as noted above, the correctness of the trial court's ruling as to the admissibility of that testimony is not raised on appeal. The earlier threat coupled with other threats against the deceased, the inconsistent statements given the ambulance attendant and the investigating officers, the fact that the safety was on when Sergeant Chapman checked the shotgun, the direction the shot blast followed, and the absence of any malfunction in the weapon all provide ample proof from which the jury could find that the appellant deliberately, and with premeditation, shot and killed his wife. We affirm.

Affirmed.

CORBIN and GLAZE, JJ., agree.