## BULLARD *v*. STATE.

### Opinion delivered June 25, 1923.

1. INTOXICATING LIQUORS—POSSESSION OF STILL—EVIDENCE.—Testimony held sufficient to sustain a finding that defendant had a still in his possession in violation of the statute.

2. CRIMINAL LAW—SINGLING OUT EVIDENCE.—An instruction in a prosecution for having a still that "the facts alone that the defendant resided with his mother and that a still was found on her premises are not sufficient to warrant conviction," was properly refused, as it singled out a particular phase of the evidence and instructed the jury as to the weight to be given to it.

Appeal from Cross Circuit Court; *G. E. Keck,* Judge; affirmed.

*J. C. Brookfield,* for appellant.

The court erred in not granting a continuance. The evidence is not sufficient to sustain the verdict. The court erred in refusing appellant's requested instruction No. 1.

*J. S. Utley,* Attorney General, *John L. Carter* and *Wm. T. Hammock,* Assistants, for appellee.

No diligence was shown in attempting to procure the attendance of the witnesses, and the motion for continuance should have been overruled. 110 Ark. 409; 130 Ark. 592; 133 Ark. 239; 94 Ark. 169. The evidence is sufficient to support the verdict. 132 Ark. 97; 135 Ark. 145; 120 Ark. 312; 104 Ark. 174. The instruction complained of singled out a particular phase of the evidence

and instructed the jury as to the weight to be given it, and no error was committed in refusing to give it. 145 Ark. 165; 114 Ark. 243.

WOOD, J.   This is an appeal from a judgment sentencing the appellant to imprisonment in the State Penitentiary for a period of one year, on an indictment the charging part of which it as follows: "In the county aforesaid, on the 12th day of October, 1922, the said Polk Bullard did unlawfully and feloniously keep in his possession a still, without registering the same with the proper United States officer, against the peace and dignity of the State of Arkansas."

The appellant moved for a continuance on account of the absence of two witnesses, Addie Smith and Ray Hambrick.   The motion was in proper form, and sets up that the indictment was returned against the appellant on February 6, 1923; that J. C. Brookfield was employed as his attorney; that by agreement with the prosecuting attorney on that day the cause was continued until the following Monday to enable appellant's attorney, who was a member of the Legislature, to return to his duties at Little Rock; that the attorney returned to court on the day of trial, and found that no witnesses for the defendant had been summoned; that the attorney thereupon caused subpoenas to be issued for Smith and Hambrick, who were within the jurisdiction of the court, and that the defendant was put to trial without said witnesses and without sufficient time being granted to the sheriff to summon said witnesses. The motion then set forth the facts which the defendant expected to prove by the witnesses, which were material.

The court overruled the motion, and did not err in so doing, because the appellant fails to show that he had exercised proper diligence to obtain the absent witnesses.   Neither the appellant nor his attorney asked that subpoenas be issued for the witnesses before the day of the trial.   This he could and should have done.

*Sheptine* v. *State,* 133 Ark. 230-239; *Jackson* v. *State,* 94 Ark. 169.

The appellant contends that the evidence is not sufficient to sustain the verdict. The officers who searched the premises of appellant's mother, where appellant resided, stated that they searched the barn and found a copper still in the corn-crib, covered up with shucks. There was what they called a worm with it, and the outfit that sits on a stove—that is, a cooker. It looked like it had been used. In talking to the appellant about it he said he found it over in a creek somewhere near his place. He stated that he brought it home and intended to cut it up and put the copper around his stovepipe, that he was building or remodeling. The officers looked around and found another one in the weeds in the corner of the yard, twenty or thirty feet from the house. That was of the milk-can variety—looked like a five-gallon milk-can. There was a worm there. They also found a quart fruit jar of whiskey fifteen feet from this second still. Appellant stated that he found both stills in the creek. They also found a barrel of mash—two gallons in a keg in the garden near the house—about a thirty-gallon keg. This keg was concealed partly down in the ground, and had a sack, or weeds or something, thrown over it.

This testimony was sufficient to warrant the verdict of the jury. The jury might have found, from this testimony, that the appellant had in his possession a still in violation of the statute. Act 324 of the Acts of 1921, p. 372, sec. 2; *Ammons* v. *State,* 12 L. R. 343; *Hodgkiss* v. *State,* 12 L. R. 308.

The appellant requested the following prayer for instruction: "The facts alone that the defendant resided with his mother and that a still was found on her premises are not sufficient to warrant conviction in this case, and, unless you find some other fact or circumstance to connect this defendant with the possession or

operation of the still or stills, as alleged, your verdict will be for the defendant.''

This instruction singled out a particular phase of the evidence and instructed the jury as to the weight to be given it. The court did not err in refusing this prayer for instruction. ''Circuit judges should avoid telling the jury what importance to attach to the evidence or to the absence of it. It is for the jury, and not the court, to determine its importance or its weight.'' *Pope* v. *State,* 45 Ark. 165; *Whitley* v. *State,* 114 Ark. 243.

It could serve no useful purpose to set out the instructions given by the trial court. Suffice it to say the issues of fact were submitted to the jury under instructions that conform to previous decisions of this court, and were correct declarations of law. If the appellant had prayed for a proper instruction telling the jury that they could not convict the appellant unless they found beyond a reasonable doubt, from the evidence, that the appellant had in' his possession a still, he would have been entitled to such instruction. But he did not present such prayer for instruction. We find no reversible error in the record, and the judgment is therefore affirmed.