BOWMAN *v.* STATE.

4499                                                210 S. W. 2d 798

Opinion delivered May 3, 1948.

408

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

HOLT, J. Appellants, Roy and Vernon Bowman, brothers, on June 10, 1947, were charged in an information with the crime of first degree murder by shooting and killing, with pistols, Clay D. Sampson June 9, 1947. A jury found each of them guilty of murder in the second degree and assessed the punishment of each at 12 years in the State Penitentiary. From the judgment is this appeal.

Only the State's brief is before us. Appellants have filed none and are not represented here by counsel.

Fifty-two assignments of alleged errors have been presented. We consider them in their order.

## 1, 2, 3, 6, 7, 8 and 9

Assignments 1, 2, 3, 6, 7, 8 and 9 question the sufficiency of the evidence.

The testimony in effect shows that appellants, along with seven or eight relatives, were living in a three-room tenant house on a farm near Goshen. This farm was rented and occupied by Clay Sampson, his wife, Nonie, and his daughter. The tenant house was about 100 yards from a much larger dwelling in which the Sampsons lived. Quarrels and bad feeling arose between the Sampsons and appellants, primarily from appellants' refusal to keep closed a yard gate of the Sampsons, after getting water from a well, through which gate stock would enter and damage Sampson's property. Sampson nailed up the gate and as a result, appellants cursed and abused Nonie Sampson and her daughter, and threatened "to kill every damn thing out there." Mrs. Sampson and her daughter conveyed these threats to Clay Sampson and the bad feeling between appellants and the Sampsons continued to mount until on June 9, 1947, appellants parked their truck in a road near a field where Clay Sampson was plowing corn. They got out of the truck and walked across the field to him, each armed with a loaded pistol. Mrs. Sampson observed their actions and thinking her husband in danger, procured an automatic shotgun and attempted to carry it to him. Just as she was trying to place it in his hands, each of the appellants began shooting. They fired seven or eight shots. Clay Sampson fell mortally wounded with a bullet through his brain, death resulting shortly thereafter. Mrs. Sampson fell, seriously but not fatally injured, with a bullet in her face. She was confined to a hospital for approximately two weeks. Appellants also threatened to kill an eyewitness, George Edward Toney, who had come upon the scene from a hay field a short distance away. Toney testified, in effect, that they cursed him and threatened his life because they told him he had seen and knew too much.

We think it unnecessary to detail more of the testimony. It speaks for itself and was more than ample to

warrant the jury's verdict convicting appellants of second degree murder.

4

The fourth assignment questions the information on the ground that it contravenes the rights of appellants under the Constitution of Arkansas and the Constitution of the United States, and "particularly Amendments V and XIV of the Constitution of the United States." This very question was decided adversely to appellants' contention in the case of *Penton* v. *State,* 194 Ark. 503, 109 S. W. 2d 131.

5

It is next argued (Assignment 5) that the court erred in refusing a continuance on account of an absent witness, Howard Bragg of Goshen. The record discloses that a subpoena was not issued for this witness and placed in the hands of the sheriff until the date of the trial, October 14, 1947, which was more than four months after the filing of the information and the arrest of appellants. In these circumstances, the court did not err. Proper diligence was not shown to have been exercised by appellants. "The granting or refusing of continuance is within the sound legal discretion of the court, and this court will not interfere where there has been no abuse of that discretion." *Bailey* v. *State,* 204 Ark. 376, 163 S. W. 2d 141.

In *Bullard* v. *State,* 159 Ark. 435, 252 S. W. 584, where a situation similar, in effect, presented itself and a motion for continuance had been overruled, this court said: "The court overruled the motion, and did not err in so doing, because the appellant fails to show that he had exercised proper diligence to obtain the absent witnesses. Neither the appellant nor his attorney asked that subpoenas be issued for the witnesses before the day of the trial. This he could and should have done. *Sheptine* v. *State,* 135 Ark. 230-239, 202 S. W. 225; *Jackson* v. *State,* 94 Ark. 169, 126 S. W. 843."

## 10

Assignment 10 questions the trial court's action in refusing to reprimand the Prosecuting Attorney for stating in the presence of the jury that the testimony of George Toney showed viciousness. The court did not err. As above noted, Toney, in effect, testified that appellants threatened to kill him because he knew too much and he was forced to beg for his life. The conclusion of State's counsel that Toney's testimony showed the vicious state of mind of appellants at the time of the killing was not improper.

## 11

Appellants' 11th assignment questions the competency of certain testimony of George Toney. We have carefully reviewed this testimony and conclude that its admission was not error.

### 28-36 and 37-51

Assignments 28 to 36 inclusive alleged that the court erred in refusing to sustain appellants' general objection to each of the instructions given by the court. Assignments 37 to 51 inclusive alleged that the court erred in refusing each of the instructions requested by appellants. In this connection it suffices to say that we have carefully examined all of the instructions given by the court and we find that they fairly and correctly declared the law applicable to the facts presented and were similar, in effect, to those many times approved by this court. While some of the instructions requested by appellants might have been proper, the court was not required to repeat the effect of an instruction already given which clearly covered the issue involved, and therefore appellants could not have been prejudiced thereby. "It was not error to refuse to give instructions which were sufficiently covered by others which were given." (*Hogue* v. *State,* 194 Ark. 1089, headnote 2, 110 S. W. 2d 11.)

The remaining assignments bearing upon the refusal to admit, and the admission of parts of the testimony of certain witnesses, have been carefully reviewed by us

and we hold that the ruling of the trial court in all instances was without error.

On the whole case, finding no error, the judgment is affirmed.