JOSE FIGEROA v. STATE OF ARKANSAS

5325 . 425 S. W. 2d 516

Opinion delivered March 25, 1968

*Harry Robinson,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. This is an appeal from the judgment of the Pulaski County Circuit Court convicting appellant of the crime of assault with intent to kill. The record reveals that, on the day set for trial, counsel for appellant requested a continuance for the alleged reason that, as appellant was of Mexican descent and unable to testify in his own behalf, additional time was needed to secure the assistance of an interpreter. The trial court overruled this motion. Following the presentation of the State's evidence, the appellant rested without offering any evidence, and the court, sitting as a jury, found appellant guilty of the crime as charged.

For reversal the appellant alleges that the trial court erred in overruling his motion for a continuance and that there is no substantial evidence to support the verdict. These points will be discussed in the order mentioned.

## I

Whether a case should be continued or not is generally a matter resting within the sound discretion of the trial court, and unless it clearly appears that the refusal to grant a continuance is an abuse of discretion so as to operate as a denial of justice, the trial court's action does not constitute a ground for a new trial. *Allison* v. *State,* 74 Ark. 444, 86 S. W. 409; *Smith* v. *State,* 219 Ark. 829, 245 S. W. 2d 226. Absent a showing by the moving party that he has exercised due diligence, the trial court will not be held to have abused its discretion in refusing to grant the motion. *Bullard* v. *State,* 159 Ark. 435, 252 S. W. 584; *Bowman* v. *State,* 213 Ark. 407, 210 S. W. 2d 798; *Gerlach* v. *State,* 217 Ark. 102, 229 S. W. 2d 37.

While it is fundamental that a defendant in a criminal prosecution should be afforded the opportunity to

testify in his own behalf, to be confronted with adverse witnesses and to call witnesses in defense of the charges against him, we find that the trial court committed no error in refusing to grant a continuance in this case. The appellant has made no attempt to show the exercise of due diligence on his part. No evidence has been offered to establish his alleged inability to speak or understand the English language. Further, there is no showing in the record before us that appellant was diligent in seeking the services of an interpreter. On the contrary, the record reflects that from the time of his plea of guilty on April 4, 1966, until the date of his trial on July 19, 1967, appellant was before the court with his attorney[1] no fewer than three times. On no occasion, prior to the day of the trial, was it suggested to the court by appellant or his attorney that an interpreter would be required for his defense. Finally, although appellant and his counsel were appraised on June 19, 1967, that the trial would be held on July 19, there is no showing of any effort to obtain the assistance of an interpreter, either at the time the trial date was set or during the following month. On this state of the record, we cannot say that due diligence has been exercised.

## II

Appellant next contends that the evidence was not legally sufficient to support a finding that he intended to kill the complainant by his act. The State's evidence consisted wholly of the testimony of officer Lester Hall of the Little Rock Police Department. According to his report and testimony, he received a call to a disturbance at the T-Bone Inn on the David O. Dodd Road. Upon his arrival there he saw appellant sitting in a 1956 Mercury with the motor running. When the officer asked appellant to get out of the car, it at first appeared that he would comply; but as Hall approached the car, the appellant got back in the car and accelerated it toward him. It was necessary for Hall to "run to get out of

---

[1]The attorney who moved for a continuance was not the same attorney who had previously appeared with appellant.

the way to keep him from running me down''; he had to "hit the ground" in order to get out of the way.

Although an automobile is not ordinarily considered a "deadly weapon" in the criminal sense, it does not tax the imagination to see that appellant's car constituted such a weapon. Hall's life would have been in no greater danger if appellant had fired a gun at him. In *Morris* v. *State,* 226 Ark. 472, 290 S. W. 2d 624, we said: "No particular instrument or weapon need be employed in order to constitute an assault with intent to kill or murder. Such a crime is ordinarily committed by the use of a weapon, the employment of which is calculated to produce death, but the use of such a weapon is not requisite to the commission of the crime." Certainly it can be inferred from the use of appellant's automobile, as described by officer Hall, that appellant intended to kill the officer. As we said in *Craig* v. *State,* 205 Ark. 1100, 172 S. W. 2d 256, "While the intent to kill cannot be implied as a matter of law, it may be inferred from facts and circumstances of the assault . . . and all other facts and circumstances tending to reveal defendant's state of mind." See, also, *Davis* v. *State,* 206 Ark. 726, 177 S. W. 2d 190, and *Nunley* v. *State,* 223 Ark. 838, 270 S. W. 2d 904. As we must view the evidence in the light most favorable to the State in determining whether it is sufficient to support a finding of guilty (*Cook* v. *State,* 196 Ark. 1133, 121 S. W. 2d 87), we are unable to say that the facts here are insufficient to support an inference that appellant intended to kill by his act.

The judgment is affirmed.