Travis L. B. WILSON *v.*
STATE of Arkansas

CR 74-170                                          522 S.W. 2d 413

Opinion delivered May 12, 1975

*Laser, Sharp, Haley, Young & Boswell,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst., for appellee.

LYLE BROWN, Justice. This is an appeal from a conviction of first degree murder in which appellant received a life sentence. Appellant, Travis L. B. Wilson, lists six points of asserted error in the trial of his case. After a brief statement of background facts, we shall list those six points and discuss them separately. The evidence will be treated more particularly under the points for reversal. Suffice it to say that the body of Jewel McKown was found in close proximity to a trailer court where she lived, apparently slashed to death. Her body was discovered on the morning of July 5, 1974, near the mobile home which she rented, and which had been the scene of a gathering of two couples including Jewel and appellant, beginning late in the afternoon of July 4. Some intoxicants were consumed. It is apparent that around midnight one of the couples left while Miss McKown and Wilson remained inside the trailer. Appellant is said to have gone to the home of his parents in Redfield during the early morning hours and confided to his parents that he was in trouble and wanted to go to California. The parents took him to the bus station in Little Rock. The local officers called ahead and appellant was found at the bus station in Amarillo, Texas. He waived extradition and was returned to Grant County and charged with murder in the first degree.

Point I. *The trial court erred in refusing to comply with the McNabb-Mallory rule.* We are again urged to adopt the

McNabb-Mallory rule as it exists in federal practice, holding that failure to promptly arraign an accused will render a confession made by him during a confinement inadmissible. We decline to adopt the rule and recently so held in *Mitchell v. Bishop*, 248 Ark. 427, 452 S.W. 2d 340 (1970), holding Ark. Stat. Ann. § 43-601 (Repl. 1964) to be directory only.

Point II. *The purported confession does not meet the test of voluntariness.* Appellant insisted that he was under the influence of intoxicants to a heavy degree on the night in question. When appellant was apprehended in Amarillo, the arresting officer testified that he went over the Miranda warnings with appellant, explaining 'them in considerably more detail than the form language, and that appellant signed the waiver. Three statements were given to the officer - first, without recordation, just oral; second, oral only again because the tape recording machine was not properly operated; and, third, on a tape recorder and transcribed. The appellant signed the transcribed statement. Appellant said he understood the Miranda rights save an idea of his own about the time for appointment for an attorney. The appellant testified to the voluntariness and to the cooperativeness of the arresting officer. Appellant's main attack on the statement is his alleged intoxication, lack of sleep and food, and because of his lack of intelligence. We point out that the issue of intoxication was presented by conflicting testimony. David Smith and Melba Stone testified that in their opinion he was not drunk on the night of the alleged offense. The appellant's brother testified that when the appellant sobered up, he remembered the events that transpired while he was drunk.

Appellant also makes much of a lack of intellectual capacity chiefly through the introduction of letters written while in the State Hospital. The appellant, however, had a tenth grade education, and his writing and spelling prowess do not comport with his insistence on being intellectually backward.

Appellant also alludes to the nature of the custodial investigation as extremely lengthy, however, the interrogating officer testified that the total time of the interrogation was a maximum of one and one-half hours and that it was of such

length only because the tape recorder was not in operating condition the second time the statement was taken. Also, appellant testified to the cooperative nature of the interrogating officer. In short, the trial court's finding of voluntariness was proper when viewed in the total circumstances and the confession was therefore properly admitted in evidence.

Point III. *The verdict is not supported by substantial evidence as regards the elements of murder in the first degree.* The elements of malice and premeditation are very much in evidence and are certainly sufficient to support the verdict. Malice can be implied from the circumstances of the killing. Malice is certainly in evidence in this case by the use of a barbecue fork or other similar object used to stab the deceased repeatedly in the chest and neck areas, even to the point of puncturing the heart eight or nine times, and by the use of a butcher knife to slash the throat of the deceased. The nature of the wounds and the weapons used are certainly sufficient to show the manifestation of "an abandoned and wicked disposition" on the part of assailant, and concurrently is evidence of a "deliberate intention of mind unlawfully to take away the life of a human being". Ark. Stat. Ann. § 41-2203, 2204 (Repl. 1964). Appellant states that the requisite element of first degree murder, premeditation, cannot be presumed but must be proven beyond a reasonable doubt. Of course we have many times held that the element of premeditation can be inferred from the circumstances of the case. *Kagebein* v. *State,* 254 Ark. 904, 496 S.W. 2d 435 (1973). The circumstances of this case are certainly ample for such an inference to have been drawn by the jury. The appellant's confession admitted a noticeable gap between an act of intercourse between him and the victim, and his choking the girl. There was the binding of the deceased's hands and the gagging with a towel around the head, the dragging of the body to the fence line, the cleaning up of the porch, presumably with a wet mop with blood stains thereon. There was also evidence that there may have been a struggle as evidenced by scratches on appellant's chest and stomach.

Under this point appellant challenges the proof of the corpus delicti on the part of the state's evidence. The point is

hardly worth comment because the evidence of the corpus delicti is overwhelming from all the proof in the case. *Hays* v. *State,* 230 Ark. 731, 324 S.W. 2d 520 (1959).

Point IV. *The trial court failed to timely convene a pretrial evidentiary hearing to determine the admissibility of a purported confession made by the appellant.* To support this point appellant says: "The record shows that more than three weeks prior to trial, appellant filed a written motion praying that the court convene a pre-trial *Denno* hearing to determine the admissibility of certain incriminating statements that were allegedly made by appellant, and specifically whether any confession was voluntarily made by him". We are cited no authority for the asserted requirement that the *Denno* hearing must be convened well in advance of the date set for trial. In *Sheppard* v. *State,* 239 Ark. 785, 394 S.W. 2d 624 (1965) we apparently approved the procedure of the court calling a *Denno* hearing in chambers when the purported confession is presented for admission. Then in *Hall* v. *State,* 242 Ark. 201, 412 S.W. 2d 603 (1967) it is perfectly clear that the *Denno* hearing was convened after the trial was under way but before the confession was placed in evidence.

POINT V. *The trial court should have granted a mistrial when the State produced the testimony of a cellmate to the effect that appellant confessed the crime without first ordering a Denno hearing.* After careful consideration we are of the conclusion that the admission of the testimony constituted harmless error beyond a reasonable doubt. The United States Supreme Court reached the same conclusion in *Milton* v. *Wainwright,* 407 U.S. 371 (1972). In *Milton* the prosecution clothed a detective as a prisoner and placed him in the cell with Milton. The accused made severe incriminating statements amounting to a confession. The trial court admitted the testimony of the detective. The Court said in *Milton:*

> On the basis of the argument in the case and our examination of the extensive record of petitioner's 1958 trial, we have concluded that the judgment under review must be affirmed without reaching the merits of petitioner's present claim. Assuming, *arguendo,* that the challenged testimony should have been excluded, the

record clearly reveals that any error in its admission was harmless beyond a reasonable doubt. *Harrington v. California*, 395 U.S. 250 (1969); *Chapman v. California*, 386 U.S. 18 (1967). The jury, in addition to hearing the challenged testimony, was presented with overwhelming evidence of petitioner's guilt, including no less than three full confessions that were made by petitioner prior to his indictment. Those confessions have been found admissible in the course of previous post-conviction proceedings brought by petitioner in his attempts to have this conviction set aside, and they are not challenged here.

In the case at bar a confession which was found to be voluntary was before the jury. The physical facts which were entirely undisputed, corroborated many important facts revealed by the confession. They revealed overwhelming evidence of appellant's guilt. The prisoner who was produced as a witness was cross-examined in great detail and there was no intimation that appellant was trapped or coerced in any manner.

Point VI. *The court should have granted a mistrial because in his closing argument the State's attorney referred to appellant's attorney as "appointed counsel"*. While we do not find the statement in itself to be prejudicial we think the better practice would be to abstain from such designation.

Affirmed.