Eddie L. THOMERSON *v.* STATE of Arkansas

CR 81-54                                    621 S.W. 2d 690

Supreme Court of Arkansas
Opinion delivered October 5, 1981

*William H. Craig,* for appellant.

*Steve Clark*, Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of first degree murder and assessed his punishment at life imprisonment. Appellant first asserts that the trial court erred in denying his motion for a three weeks continuance for failure of the state to provide discovery, citing Ark. Rules of Crim. Proc., Rules 17 and 19.

In July, 1980, present counsel, upon being employed as appellant's substitute counsel, filed a written motion for discovery asking the court to require the prosecuting attorney to disclose and produce information and material as required by Rule 17.1. Rule 17.1 (a) (v), subject to Rule 19.4, states that the prosecutor shall disclose to defense counsel "any books, papers, documents, photographs or tangible objects which the prosecuting attorney intends to use in any hearing or at trial or which were obtained from or belong to the defendant." Appellant argues that the prosecuting attorney failed to meet his obligations with respect to discovery and disclosure, which resulted in appellant being unable to examine certain objects seized at the scene of the crime and sent to the state crime lab for testing. The record indicates that the tests on these objects about which he complains were never made. Appellant's counsel asserts that until October, 1980, he had made numerous trips to the prosecutor's office in unsuccessful efforts to review his file. However, it appears undisputed that as of October, 1980, or about three months before trial, the deputy, who was then assigned to try the case, was cooperative and thereafter made the file available. Also, the state, in a written response to appellant's motion for continuance the day before trial, stated that appellant had been supplied with the file which included the autopsy report, a table of contents of the complete police file, a list of witnesses along with type-written copies of their statements and information given by witnesses, including police officers, a complete list of the items of evidence and the chain of custody, a copy of the rights form and confession, copies of diagrams of the crime scene, a copy of the state hospital mental examination, and a copy of the state crime lab report, which contained results of

the only tests made. The state further responded that the appellant's counsel was aware that he could have inspected the physical evidence at any time after he was retained in July, 1980, up until the trial date in January, 1981. As indicated, his present motion for a three weeks continuance was made the day before trial. The case had been continued twice on appellant's motions, once after present counsel was retained.

It is true that the prosecuting attorney's obligations of disclosure under Rule 17.1, subject to Rule 19.4, extend to material and information within the possession and control of members of his staff or others who have participated in the investigation or evaluation of the case and regularly report or have reported to the prosecutor. See Commentary to Rule 17.1; *Dupree v. State*, 271 Ark. 50, 607 S.W. 2d 356 (1980); and *Lacy v. State*, 272 Ark. 333, 614 S.W. 2d 235 (1981). Appellant speculates here, however, that if tests had been made on various tangible items, they might be exculpatory in nature. While this might be true, appellant has cited no authority imposing a duty on the state to make tests on all materials seized. A defendant in a criminal case cannot rely upon discovery as a total substitute for his own investigation. *Dupree v. State, supra.* Here it appears the prosecutor made a sufficient disclosure to the appellant.

Rule 27.3 authorizes the court to grant a continuance on a showing of good cause, taking into consideration the request or consent of counsel and the public interest. It is well settled that the trial court has wide discretion in granting a continuance, and its judgment will not be reversed absent a clear abuse of discretion. *French v. State*, 271 Ark. 455, 609 S.W. 2d 42 (1980); *Figeroa v. State*, 244 Ark. 457, 425 S.W. 2d 576 (1968). Here, we find no abuse of discretion.

Appellant next asserts that the court abused its discretion in permitting certain photographs and items of clothing, which he does not specify, into evidence over appellant's objection. His only argument on this point is that there was a failure by the state to provide discovery. It appears the photographs were in the police file, which was

available to appellant. Also, at trial appellant's counsel agreed that he had seen the photographs, although briefly. As previously discussed, the state represented to the court, without contradiction, that the appellant's counsel could have inspected the physical evidence any time he desired. Appellant has not demonstrated any abuse of discretion by the trial court.

Neither can we agree that the trial court erred in denying his motion to suppress his confession on the grounds that he had not been properly advised of his right to counsel. After conducting a *Denno* hearing, the trial court ruled the confession admissible. Appellant correctly contends there is a presumption that a custodial confession is involuntary, and the prosecutor bears a heavy burden to show such a statement was voluntarily, freely, and understandingly given. *Tatum* v. *State,* 266 Ark. 506, 585 S.W. 2d 957 (1979).

Here the state introduced a copy of the *Miranda* warning signed by appellant. In pertinent part the warning states: "I have the right . . . to talk with an attorney, either retained by me or appointed by the court . . . before giving a statement." Appellant contends only that this quoted language is insufficient to inform him of his right to have an attorney "free of charge" if he cannot afford one, citing *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). In *Hays* v. *State,* 269 Ark. 47, 598 S.W. 2d 91 (1980), we found that a written statement identical to the one used here and signed by appellant comports with the requirements of *Miranda.* However, the specific deficiency asserted here was not in issue there. In *Tasby* v. *U.S.,* 451 F. 2d 394 (8th Cir. 1971), the appellant contended that the *Miranda* warning was inadequate because it provided that an attorney would be appointed "at the proper time." The court said: "This statement, even though a slight deviation from the *Miranda* prescription, does not negate the over-all effectiveness of the warning." On appeal, in ascertaining the voluntariness of a confession, we make an independent determination based upon the totality of the circumstances, resolving all doubts in favor of individual rights and constitutional safeguards, and, after doing so, we affirm the

trial court's finding unless clearly against the preponderance of the evidence. *Degler* v. *State,* 257 Ark. 388, 517 S.W. 2d 515 (1974); and *Giles* v. *State,* 261 Ark. 413, 549 S.W. 2d 479 (1977).

Here, the appellant was approximately 36 years of age with a twelfth grade education. He was taken into custody as a suspect about 8:30 a.m., advised of his *Miranda* rights and signed a waiver. Two hours later, following further investigation, he was questioned after his constitutional rights were reiterated to him. There is no evidence that he was incapacitated or overreached in any manner. In fact, the voluntariness of the confession is not questioned other than the asserted deficiency. Although it would be a better practice to acquaint a defendant that counsel would be appointed by the court without cost to him, here, when we examine the totality of the circumstances surrounding the waiver and the confession, the lack of the words "free of charge," or similar words, does not appear to negate the overall effectiveness of the twice given warning or the voluntariness of the confession. Therefore, we cannot say the trial court's finding that the confession was voluntary is clearly against the preponderance of the evidence.

Appellant's final contention for reversal is that the evidence is insufficient and, therefore, the court erred in denying his motion for a directed verdict. A directed verdict is proper only when no fact issue exists and on appeal we review the evidence in the light most favorable to appellee and affirm if there is any substantial evidence to support the verdict. *Harris* v. *State,* 262 Ark. 680, 561 S.W. 2d 69 (1978). According to appellant's confession, which was admissible, he was living with the decedent. When he returned home from work the evening of the alleged murder, he observed a "dude" leaving the house. He got mad and started hitting the victim with his fists. They fought for "almost an hour or so." "She finally stopped moving . . . " When he "saw she was dead, I covered her with a curtain." He spent the night in a car next door. When taken into custody the next morning, he was outside the house at the scene of the crime. The doctor, who conducted the autopsy, testified that the victim's death was caused by multiple wounds to the head

associated with strangulation. She, also, suffered burns (apparently from a heater) and other wounds about her body. The state adduced evidence which corroborated appellant's admission that he was at his residence that evening. There appeared to be blood on his clothing and, also, blood underneath his fingernails. It does not appear the victim was armed in any manner.

A confession will warrant a conviction when accompanied by other proof that the alleged offense was committed. Ark. Stat. Ann. § 43-2115 (Repl. 1977); *Mosley* v. *State*, 246 Ark. 358, 438 S.W. 2d 311 (1969); and *Paschal* v. *State*, 243 Ark. 329, 420 S.W. 2d 73 (1967). Here, when we consider the evidence most favorable to the appellee, as we must do on appeal, we are of the view there is ample substantial evidence to support the verdict.

Pursuant to the requirements of Ark. Stat. Ann. § 43-2725 (Repl. 1977), Rule 36.24 of the Rules of Criminal Procedure, and Rule 11 (f) of the Rules of the Supreme Court, we have reviewed the record and all objections and find no prejudicial error.

Affirmed.