Christie McLEMORE *v.* STATE of Arkansas

CR 81-77                                   626 S.W. 2d 364

Supreme Court of Arkansas
Opinion delivered January 11, 1982

*McArthur & Lassiter, P.A.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of first degree murder and assessed her punishment at fifty years imprisonment. She first contends that the evidence was insufficient to support a finding of premeditation and deliberation as required by Ark. Stat. Ann. § 41-1502 (Repl. 1977).

The victim was the paramour of the appellant for a period of two years prior to the victim's death. They shared an apartment from August, 1978, until July 1, 1979, when the appellant moved out. Shortly afterwards, a child was born and eventually the appellant filed a paternity suit against the victim.

Two days prior to the killing the appellant and a friend purchased the pistol used in the shooting. They went to a river bank and she practiced using the gun. On the day of the crime the appellant, after calling the victim's office repeatedly inquiring about his presence, went there and asked to see him. Her demeanor was described as hostile and demanding. After being admitted to his office, the victim and appellant left together presumably to get his car, which was parked at a nearby hotel parking lot. Soon thereafter, shots were heard and the victim was immediately found in a pedestrian tunnel leading to the parking lot suffering from five gunshot wounds in the lower groin and upper thighs. The first shot, which proved to be the fatal one, was at point

blank range. The others were fired at a distance of three to five feet. The paths of the bullets indicated the victim was either falling as he was hit or shot by someone kneeling while he was standing. No weapon was found about the victim. The appellant was observed running from the tunnel. Two parking garage attendants testified that the appellant, on several occasions, had come to the garage where the victim parked his car to see if his car was at the garage. Two weeks prior to the shooting these attendants heard the appellant say, "I'm going to kill him," when she inquired about the presence of the victim's car. When the appellant was arrested shortly after the shooting, the murder weapon was found in her possession.

Appellant does not dispute the shooting. According to her, she acted in self-defense when the victim approached her in a threatening manner. She claims he was angry with her because she had filed the paternity suit against him and she had had her friend call his wife and tell her he had purchased furniture for her. The jury resolved the conflicting theories against the appellant, and we must affirm if there is any substantial evidence to support the jury's finding. *Witham* v. *State*, 258 Ark. 348, 524 S.W. 2d 244 (1975). In *Stout* v. *State*, 263 Ark. 355, 565 S.W. 2d 23 (1978), we said:

> Premeditation and deliberation and intent may all be inferred from the circumstances, such as the character of the weapon used, the manner in which it was used, the nature, extent and location of the wounds inflicted, the conduct of the accused and the like.

See also *Hamilton* v. *State*, 262 Ark. 366, 566 S.W. 2d 884 (1977). Here, viewing the evidence in the light most favorable to the appellee, as we must do on appeal, we hold that the jury's finding is amply supported by substantial evidence. *Lunon* v. *State*, 264 Ark. 188, 569 S.W. 2d 663 (1978); and *Witham* v. *State, supra.*

Appellant next contends that the trial court erred in giving the state's instruction on second degree murder. The instruction, AMCI 1503, provided alternate theories by

which the appellant could be convicted of second degree murder. Appellant objected and argues that this could have confused the jury in their deliberation between first and second degree murder and was therefore prejudicial. In our *Per Curiam* of January 29, 1979, we said the applicable AMCI must be used unless it does not accurately state the law. The appellant's position would be unfair to the state as evidence could have supported either of the theories given. See *Sumlin* v. *State*, 266 Ark. 709, 587 S.W. 2d 571 (1979). Further, it appears here that the alternate theories would be to the appellant's advantage inasmuch as it provided the jury with double opportunity to find appellant guilty of the lesser offense. Appellant has demonstrated no prejudice.

Affirmed.

HAYS, J., not participating.