**Eddie Lee THOMERSON, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Dept. of Correction, Appellee.**

**No. 86–2000.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1987.

Decided Dec. 30, 1987.

James Birch, Little Rock, Ark., for appellant.

William Knight, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

FAGG, Circuit Judge.

Eddie Lee Thomerson, an Arkansas prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. We affirm.

## I. FACTS

Thomerson returned home one evening to the house he shared with his girl friend and found her in the house with an unknown man. Before entering the house, Thomerson saw the man leave through the back door. Thomerson became angry and began arguing with his girl friend. He then started beating her with his fists. Thomerson continued to beat his girl friend for over an hour until "[s]he finally stopped moving." The woman was dead. After covering her with a curtain, Thomerson left the house to spend the night in a car parked outside. The victim's curtain-covered body was discovered the next morning by Thomerson's mother and nephews after Thomerson complained about being locked out of his house.

The State of Arkansas charged Thomerson with first-degree murder, *see* Ark.Stat. Ann. § 41–1502, and a jury found Thomerson guilty of that crime. He was sentenced to life imprisonment. On appeal the Arkansas Supreme Court affirmed Thomerson's conviction. *See Thomerson v. State,* 274 Ark. 17, 621 S.W.2d 690 (1981). That court later denied his pro se petition for postconviction relief.

Having exhausted his state remedies as required by 28 U.S.C. § 2254(b), Thomerson filed a pro se petition for writ of habeas corpus in the federal district court. After carefully considering all Thomerson's contentions, the district court dismissed the petition. Thomerson now appeals.

## II. DISCUSSION

Thomerson asserts several bases for relief: he was denied due process by the state trial court's refusal to grant a continuance; he was denied due process by the prosecutor's failure to disclose exculpatory evidence; he was denied due process by the trial court's refusal to suppress Thomerson's signed confession to police; and he was denied effective assistance of counsel. On review we agree with the district court's determination that these grounds lack merit. We turn to Thomerson's final ground for relief: the prosecution presented insufficient evidence to convict Thomerson of first-degree murder.

In asserting this ground, Thomerson does not challenge the controlling principles of state law. In Arkansas, the trier of fact must determine beyond a reasonable doubt that the accused premeditated and deliberated the killing in order to find the accused guilty of first-degree murder. *See* Ark.Stat.Ann. § 41–1502(1)(b). Premeditation and deliberation need not be proven by direct evidence. Rather, these elements may be properly " 'inferred from the circumstances, such as the character of the weapon used, the manner in which it was used, the nature, extent and location of the wounds inflicted, the conduct of the accused and the like.' " *McLemore v. State,* 274 Ark. 527, 626 S.W.2d 364, 365 (1982) (quoting *Stout v. State,* 263 Ark. 355, 565 S.W.2d 23, 26 (1978)).

Additionally, premeditation and deliberation do not have to exist in the assailant's mind for any definite period of time. *Robinson v. State,* 269 Ark. 90, 598 S.W.2d 421, 424 (1980). They "can be formulated in the assailant's mind upon an instant. * * * 'All that is necessary is for [them] to exist when the assailant commits the act.' " *Shipman v. State,* 252 Ark. 285, 478 S.W. 2d 421, 422 (1972) (quoting *Jackson v. State,* 133 Ark. 321, 202 S.W. 683, 684 (1918)).

Thomerson argues the State presented no evidence to show premeditation and deliberation. In fact, he argues the evidence, including his confession, shows the killing was done impulsively. The record, however, reflects differently. The coroner testified the victim's entire body was severely beaten. The victim suffered repeated, severe blows to her head and neck. Her arms showed multiple hemorrhages. Further, her torso and legs were covered with bruises, blisters, and abrasions. Finally, the victim's legs and feet were burned.

Hemorrhages, bruises, and abrasions, including fingernail marks, in the victim's neck area constitute persuasive evidence Thomerson choked the victim both with his hands and with a cord or wire. The victim's various injuries also support the conclusion Thomerson struck the victim with different objects in addition to his fists. Although Thomerson indicated the burns on the lower half of the victim's body occurred accidentally when she fell over a heater, the jury was free to disbelieve Thomerson's story and to infer the victim was deliberately burned. Further, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia,* 443 U.S. 307, 326, 99 S.Ct. 2781, 2793, 61 L.Ed.2d 560 (1979).

The record thus shows Thomerson systematically abused the victim's entire body for over an hour, leaving almost no part of the victim unscathed. He used his fists, his hands, a cord or wire, and other objects. He terminated his attack on the victim only when "[s]he finally stopped moving." Although Thomerson may have begun to beat his girl friend out of anger over her unfaithfulness, a reasonable jury could infer from the evidence that as Thomerson continued to assault the woman his actions became calculated and deliberate. Under *McLemore,* a jury could find the nature, extent, and location of these wounds in addition to Thomerson's conduct in inflicting them indicate he premeditated and deliberated the murder.

In reviewing a challenge to the sufficiency of the evidence, we must determine not whether we believe the evidence establishes guilt beyond a reasonable doubt, but instead "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789 (emphasis in original). Further, Thomerson's challenge to evidentiary sufficiency in this case has been rejected by the Arkansas Supreme Court. *See Thomerson v. State,* 274 Ark. 17, 621 S.W.2d 690, 693–94 (1981). That decision is entitled to deference by this court. *See Jackson,* 443 U.S. at 323, 99 S.Ct. at 2791.

The Arkansas Supreme Court determined that "ample substantial evidence [existed] to support the [jury's] verdict." *Thomerson,* 621 S.W.2d at 694. We agree the record reveals a substantial evidentiary base from which a jury could circumstantially infer "there [was] a weighing in [Thomerson's] mind of the consequences of [his] course of conduct as distinguished from acting upon sudden impulse without the exercise of reasoning powers." *Robinson,* 598 S.W.2d at 424. From Thomerson's conduct of alternately beating, choking, and burning the victim for over an hour and until she no longer moved, a rational jury could infer that sometime during his assault Thomerson did premeditate and deliberate the murder.

Based on this record, a jury could have found the killing was done solely in anger. This jury, however, found the killing was deliberate, and we cannot interfere with the result merely because we disagree with the findings of the trier of fact. This jury's determination properly conforms with the *Jackson* standard: when the evidence is viewed in the light most favorable to the prosecution a rational trier of fact could find the necessary elements, here premeditation and deliberation, beyond a reasonable doubt.

Accordingly, we affirm.

BRIGHT, Senior Circuit Judge, dissenting.

I dissent.

While I agree with the majority's conclusion of no merit to Thomerson's allegations that his sixth amendment right was violated by ineffective assistance of counsel at trial, and that his due process rights were violated both by the prosecutor's failure to disclose exculpatory evidence and the district court's denial of his motion for a continuance and failure to suppress his confession, I cannot agree with the majority's conclusion that the prosecution presented sufficient evidence to convict Thomerson of first-degree murder.

Thomerson argues that a conviction for this crime requires proof, beyond a reasonable doubt, of a premeditated and deliberated purpose to cause the death of the victim. He claims the State presented no evidence of premeditation or deliberation. He argues that both his confession and the circumstantial evidence linking him to the crime show that the killing was done impulsively, and without premeditation. In his confession, Thomerson states that he returned home to find another "dude" with his girlfriend in his house. He states that he and his girlfriend began to argue over the "dude", that he started hitting her and that the two of them fought for over an hour. He states that when she stopped moving, he realized she was dead. Photographs of the crime scene similarly indicate a violent struggle preceded the murder. Also, the psychological report found Thomerson to suffer from habitual excessive drinking, and a friend of Thomerson testified that Thomerson drank a couple beers before returning home on the night of the killing.

Under Arkansas law, premeditation and deliberation are elements of the crime of first-degree murder. The statutory definition states, "[a] person commits murder in the first degree if * * * (b) with the premeditated and deliberated purpose of causing the death of another person, he causes the death of any person." Ark.Stat.Ann. § 41–1502 (Repl.1977). To sustain a verdict of first-degree murder, Arkansas courts require the state to prove, beyond a reasonable doubt, that the defendant acted with premeditation. *See Robinson v. State*, 269 Ark. 90, 598 S.W.2d 421, 424 (1980); *Simmons v. State*, 227 Ark. 1109, 305 S.W.2d 119, 121 (1957).

In *Simmons*, the court held that an unlawful killing is presumed to be second-degree murder unless the prosecution proves, by further evidence, that the killing was done with premeditation and deliberation. 305 S.W.2d at 121. As the majority correctly points out, in *Robinson*, the Arkansas Supreme Court stated that the premeditation or deliberation need not exist for any particular length of time to sustain a first-degree murder conviction. 598 S.W.2d at 424. *See also Shipman v. State*, 252 Ark. 285, 478 S.W.2d 421, 422 (1972). Nevertheless, the court stated that "there must be a weighing in the mind of the consequences of a course of conduct as distinguished from acting upon sudden impulse without the exercise of reasoning powers." 598 S.W.2d at 424. The court went on to say that the absence of evidence of premeditation may still result in a conviction for second-degree murder, as this requires only "a purposeful homicide or a homicide which was knowingly caused under circumstances manifesting extreme indifference to the value of human life." *Id.*

I agree with Thomerson that the State failed to introduce any evidence that Thomerson acted with premeditation and deliberation in killing Debra Jackson. Thomerson's confession, the only direct evidence presented by the prosecution linking Thomerson to the crime, shows him to have killed Jackson in a fit of anger prompted by his discovery of her alone with a strange man. None of the circumstantial evidence presented by the State demonstrates premeditation either. The photographs of the house show it to have been completely torn apart, evidencing a bloody battle between him and the deceased.

At trial, the State argued that the nature of Jackson's wounds and the cause of her death demonstrate at least "an instant" of premeditation. The prosecution pointed out that Jackson was struck about the

head, face, back, and legs, was burned on several parts of her body, and was strangled.

The Arkansas courts have enunciated the principle that "[t]he jury may infer premeditation and deliberation from the circumstances of the case, such as the character of the weapon used, the manner in which it was used, the nature, extent and location of the wounds inflicted and the like." *Jones v. State,* 11 Ark.App. 129, 668 S.W. 2d 30, 33 (1984). *See, e.g., McLemore v. State,* 274 Ark. 527, 626 S.W.2d 364, 365 (1982); *Stout v. State,* 263 Ark. 355, 565 S.W.2d 23, 26 (1978); *Hamilton v. State,* 262 Ark. 366, 556 S.W.2d 884, 888 (1977); *Turner v. State,* 258 Ark. 425, 527 S.W.2d 580, 589 (1975); *Wilson v. State,* 258 Ark. 110, 522 S.W.2d 413, 415, *cert. denied,* 423 U.S. 1017, 96 S.Ct. 451, 46 L.Ed.2d 388 (1975); *Shipman v. State,* 478 S.W.2d at 422; *Figeroa v. State,* 244 Ark. 457, 425 S.W.2d 516, 518 (1968). In the cases in which that proposition is cited, however, either additional evidence of premeditation was presented, *see, e.g., McLemore* (defendant had earlier threatened to kill victim and hunted down victim on day of shooting); *Wilson* (gap in time between sexual abuse of and choking of victim as well as precautions made by defendant to ensure victim would not struggle or scream out), or premeditated murder was the only explanation for the killing, *see, e.g., Stout* (defendant shot police officer upon being arrested for drunk driving and asked to take breath test); *Turner* (defendant shot when pulled over and asked to take breath test); *Shipman* (defendant hit sister-in-law with brick after disappearing in bathroom for four to five minutes following argument); *Figeroa* (defendant drove car right at police officer at high speed upon being approached by the officer on foot); or premeditated murder served as the only explanation for the homicide when the defendant's explanation had been discredited, *see, e.g., Jones* (prosecution discredited defendant's account of killing as an accident); *Hamilton* (prosecution discredited defendant's account of killing as an accident).

In the present case, unlike *McLemore* and *Wilson,* the State introduced no evidence, save the killing itself, to demonstrate premeditation. Furthermore, considerable evidence was introduced by the defendant to prove that the killing was committed in a rage provoked by the defendant's witnessing his girlfriend with another man. Thus, unlike the circumstances in *Stout, Turner,* and *Figeroa,* premeditated homicide was not the only explanation for the killing. Also, unlike *Jones* and *Hamilton,* this alternative explanation for the killing was not contradicted or discredited by the State's evidence in any way. Finally, and perhaps most importantly, the nature of these wounds, as disclosed by the record, seem to negate premeditation and, if anything, demonstrate that this was an impulsive and nondeliberate killing. The burns found on Jackson's body, which might signal a deliberate killing, were, according to the statements contained in Thomerson's confession, sustained when Jackson's clothes caught fire when she fell over an electric heater during their fight. Addressing a claim of premeditated murder based on similar evidence, the United States Court of Appeals for the District of Columbia stated, "[t]he violence and multiple wounds, while more than ample to show an intent to kill, cannot standing alone support an inference of a calmly calculated plan to kill requisite for premeditation and deliberation, as contrasted with an impulsive and senseless, albeit sustained, frenzy." *Austin v. United States,* 382 F.2d 129, 139 (D.C.Cir.1967).

Conviction of a crime for which the State has presented insufficient evidence violates the due process rights of the accused. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). Assuming prejudice can be shown, it is an appropriate ground for habeas relief. *Id.* I believe Thomerson has established a valid claim for habeas relief based on the insufficiency of the evidence presented at his state trial to convict him of first-degree murder. Because Thomerson received a life sentence for this conviction, whereas the maximum sentence he could have received for second-degree murder (the greatest crime of which he could have been convicted) is twenty years imprisonment, Ark.Stat.Ann. § 41–901 (Repl.1977), he was prejudiced by this error.

The majority opinion, however, finds sufficient evidence of first-degree murder without any evidence of premeditation or deliberation. For example, without testimony of deliberate burning, the majority envisions a conflict between testimony of accidental burning in the confession and an inference of deliberate burning. There is, however, no evidence of deliberate burning other than the fact of burns. Thus the State, relying on the confession for its conviction, must pluck out of the air something found nowhere in the evidence and the majority, in turn, elevates pure speculation into proof. In so doing, the majority disregards the fundamental principle that no man or woman shall be convicted without a proof of the commission of a crime beyond a reasonable doubt.

Thus, because I do not believe Thomerson's conviction for murder in the first degree can be sustained, I would reverse and remand this case to the district court with instructions to enter an appropriate judgment granting the writ of habeas corpus unless the state of Arkansas resentences Thomerson for second-degree murder with a reasonable time to be set by the district court.[1]

---

1. I recognize that, for strategic considerations, Thomerson chose not to request jury instructions for the lesser-included offense of second-degree murder at trial. Nevertheless, I would grant Thomerson's petition because a conviction of first-degree murder cannot stand under the evidence presented. *See Robinson v. State,* 269 Ark. 90, 598 S.W.2d 421, 424 (1980).