**Tommy E. MASON, Appellant,**

v.

**A.L. LOCKHART, Director, AR Dept. of Corrections, Appellee.**

No. 88–2831.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1989.

Decided Aug. 8, 1989.

See also, 285 Ark. 479, 688 S.W.2d 299.

Hank Jackson, Little Rock, Ark., for appellant.

Ann Purvis, Little Rock, Ark., for appellee.

Before BEAM, Circuit Judge, HEANEY and BRIGHT, Senior Circuit Judges.

BEAM, Circuit Judge.

Tommy Mason appeals the district court's [1] denial of his petition for a writ of habeas corpus. Mason contends that the evidence presented at trial was not sufficient to support a conviction of first degree murder. We affirm.

## I. BACKGROUND

Tommy Mason and Elaine Grady dated for two years. After the relationship ended, Grady began to date the victim, Elbert Jones.

Grady testified that Mason was a jealous person. Mason had told Grady that if she left him he would do something to her and no one would ever find her. Mason had, on at least one occasion, choked Grady.

On June 24, 1983, Jones was murdered. Jones's mother testified that around noon on the 24th Mason stopped by Jones's house. Jones's mother indicated that Jones was at his cousin's residence. Mason drove

1. The Honorable G. Thomas Eisele, Chief Judge United States District Court for the Eastern District of Arkansas.

to the cousin's home. Jones's cousin testified that he told Mason that Jones was not there. Subsequently, Mason returned to work. Jones was last seen alive getting into Mason's car around five o'clock that afternoon.

The next day Mason denied seeing Jones on the 24th. Furthermore, when the police initially questioned Mason about Jones's disappearance, Mason denied seeing Jones or even knowing him. However, after the police discovered parts of Jones's dismembered body two miles from Mason's home, Mason confessed to the killing of Jones. Mason then showed the police where he had hidden the rest of Jones's body. Mason also told the police that two months after Jones's death he returned to the place where he had buried Jones's head. At that time, Mason removed the head from the ground and crushed it into unidentifiable pieces.

Mason claimed that he killed Jones in self-defense. Mason testified that it was Jones who sought the initial meeting on June 24th. He also stated that he and Jones went to the movies. On the way home from the movies they discussed Jones's relationship with Grady. An argument ensued and Jones struck Mason. Mason pulled the car off the road where Jones continued to beat him. Allegedly fearing for his life, Mason removed his gun from beneath the car seat. He further testified that the gun discharged during the struggle. Mason claims the shooting was an accident. The bullet apparently struck Jones in the left temple, killing him. Mason testified that he dismembered Jones's body and hid the pieces in several locations because he feared imprisonment.

While in custody awaiting trial, Mason escaped from jail. After Mason was apprehended, he claimed his action was based on a fear of standing trial. At Mason's trial, jury instructions were submitted on first degree murder, second degree murder, manslaughter and negligent homicide. The jury convicted Mason of first degree murder. Mason was then sentenced to life in prison. He pursued post-conviction re-

lief, and was denied habeas relief in the district court. This appeal followed.

## II. DISCUSSION

Mason contends that his conviction and sentence violate the Due Process Clause. "[A]n essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof." *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). A defendant is entitled to habeas corpus relief if it is found that, based upon the evidence adduced at trial, no rational trier of fact could have found proof beyond a reasonable doubt that the defendant committed every element of the crime. *Id.* at 319, 99 S.Ct. at 2789.

Mason argues the district court erroneously relied on six facts to deny his writ of habeas corpus:

1. Mason and Grady had ceased dating and, according to Grady, Mason was jealous and wanted to resume the relationship,

2. Mason had in the past choked Grady and at some unspecific time told Grady that if she stopped dating him, he would do something to her in which no one would ever find her,

3. On the day of Jones's death, Mason asked several people as to Jones's whereabouts,

4. Mason at first denied having seen Jones on the day Jones disappeared,

5. Mason escaped from jail prior to his trial, and

6. Mason dismembered Jones's body after Jones's death and buried the separated pieces in different locations.

Appellant's Brief at 8–9.

Premeditation and the deliberated purpose of causing the death of another person are essential elements of Arkansas's first degree murder statute. Ark.Code Ann. § 5–10–102(a)(2) (Supp.1987). Mason maintains that a rational jury could not have found from the evidence that his actions were premeditated and deliberate. We disagree.

Premeditation and deliberate action may be inferred from the circumstances. *Thomerson v. Lockhart*, 835 F.2d 1257, 1258 (8th Cir.1987). Circumstances such as the location of the wound, the type of weapon used, and the conduct of the accused may be taken into account. *Id.* (citing *McLemore v. State*, 274 Ark. 527, 626 S.W.2d 364, 365 (1982) (citation omitted). The calculated behavior of the accused after the killing is also pertinent. *Jackson*, 443 U.S. at 325, 99 S.Ct. at 2792.

The facts presented at trial were sufficient to allow the jury to reasonably conclude that Mason's actions were premeditated and deliberate. Mason's own testimony indicated that he shot Jones in the head. Mason also made a threatening statement to Grady indicating that he would harm her and no one would be able to find her. In addition, the jury could have reasonably inferred from the nefarious method in which Mason disposed of Jones's body, as well as his attempted escape and his denial of having seen Jones on the day of Jones's death, that Mason's actions were deliberate and premeditated.

Mason also argues that his conviction violates Arkansas law. In Arkansas, when circumstantial evidence is used, the evidence must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Surridge v. State*, 279 Ark. 183, 650 S.W.2d 561, 562 (1983). Mason contends that the circumstantial evidence presented at trial is consistent with his theory of self-defense, offering his testimony as support. The jury heard Mason's testimony and was free to weigh his credibility and accept or reject, in whole or in part, Mason's statements. After receiving the evidence, and being properly instructed on the use of circumstantial evidence under Arkansas law, AMCI 106, the jury obviously decided that Mason's version of the killing was not reasonable. Additionally, the prosecution is not under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2792 (citing *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954)). A defendant may encourage speculation and offer alternative theories to exculpate himself, but it is the role of the jury to sift through the testimony, to filter out fact from fiction and to determine from the evidence presented, the defendant's guilt or innocence. Based on the evidence before it, the jury was entitled to conclude that Mason acted with premeditation and a deliberated purpose in causing the death of Jones.

When reviewing the sufficiency of the evidence, this court must view the evidence in a light most favorable to the prosecution. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793. "[A] federal habeas corpus court faced with a record of historical facts that support conflicting inferences must presume * * * that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Turner v. Armontrout*, 845 F.2d 165, 168 (8th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 315, 102 L.Ed.2d 333 (1988) (quoting *Jackson* 443 U.S. at 326, 99 S.Ct. at 2793.)

### III. CONCLUSION

After examining the evidence presented at trial, we find that a reasonable jury could conclude that Mason's action was premeditated and deliberate. Applying the *Jackson* standard of review, we affirm the district court's denial of Mason's petition for writ of habeas corpus.